Kenan *vs.* DuBignon *et al.*

SPALDING KENAN, executor, plaintiff in error, *vs.* CHARLES DuBIGNON *et al.*, administrators, defendants in error.

1. Where a suit is brought by administrators against an attorney for money collected by him as their attorney, and not as an attorney for their intestate, the allegation in the pleadings of their representative character is mere surplusage, as they were entitled to maintain the action in their own names. (R.)
2. Suit being brought by administrators, proof of their representative character is unnecessary, unless denied by plea. (R.)

Pleading. Administrators. Tried before Judge ROBINSON. Baldwin Superior Court. February Term, 1872.

Charles DuBignon and David J. Bailey, as administrators of Seaton Grantland, deceased, brought complaint against Spalding Kenan, as executor of Augustus H. Kenan, deceased, for $3,326 37, alleged to have been collected by said testator as attorney at law for plaintiffs, and for which he had failed to account.

The defendant pleaded the general issue, and set-off to the amount of $2,000 for fees due to defendant's testator for professional services rendered to plaintiffs.

Upon the trial, plaintiffs tendered in evidence a certified copy of the order of the Court of Ordinary for the county of Baldwin, dated May 7th, 1866, appointing Charles Du-Bignon and David J. Bailey, administrators, with the will annexed, upon the estate of Seaton Grantland, deceased, "upon their entering into bond for the sum of $600,000."

Also, a paper purporting to be letters of administration, with the will annexed, of Seaton Grantland, deceased, naming Charles DuBignon and David J. Bailey as such administrators, dated May 7th, 1866. The paper recited that said DuBignon and Bailey had given bond.

The defendant objected to both of said papers, upon the ground that they showed a grant of administration to the plaintiffs, with the will annexed, of Seaton Grantland, upon the personal bond of the plaintiffs, without security, as required by positive law, and did not, in themselves, show

Kenan *vs.* DuBignon *et al.*

any right or jurisdiction in the Ordinary to grant administration without bond and security in double the amount of the estate. The objection was overruled by the Court and defendant excepted.

Evidence was introduced as to the indebtedness of defendant's testator to plaintiffs, unnecessary here to be set forth.

The plaintiffs having closed, defendant moved for a nonsuit, on the ground that there had been no evidence introduced to show plaintiffs to be the lawful administrators, with the will annexed, of Seaton Grantland, deceased. The motion was overruled and defendant excepted.

The jury returned a verdict for the plaintiffs for $2,893 74. The defendant moved for a new trial, upon the following grounds, to-wit:

1st. Because the Court erred in overruling the motion for a non-suit.

2d. Because the verdict was contrary to evidence.

The defendant made no objection as to the verdict of the jury, provided the plaintiffs be held on their foregoing evidence to be lawful and valid administrators with the will annexed.

The motion for a new trial was overruled by the Court and defendant excepted, and assigns error upon each of the aforesaid rulings.

WILLIAM McKINLEY, for plaintiff in error. 1st. The certified copy of the order and the letters appointing plaintiffs administrators, with the will annexed, were admitted without any evidence of the probate of a will: 2 Greenleaf's Ev., sec. 339; 1 *Ib.*, sec. 518; 1 Jarm. on Wills, 214; 1 Williams on Ex'rs, 239, 280; 2 *Ib.*, 1342; 2 Selw. N. P., 597; 2 Ga. R., 120; 4 T. R., 260; Fonb. Eq., B. IV., pt. 2, chap. 1, sec. 2. 2d. Said letters and order show on their face that they were granted without security: 2 Greenl. Ev., sec. 339; Code, secs. 2397, 2412, 2466.

CRAWFORD & WILLIAMSON, for defendants. 1st. Plaintiffs may sue in individual or representative character: 16

Ga. R., 190; 18 *Ib.*, 679; 2 Williams on Ex'rs, 1595. 2d. The general issue admits the character used: 4. Har. R., 299; 4 Gill. R., 166; 3 Strobh. R., 484; 11 Humphries R., 556; 31 Maine 503; 2 Greenl. Ev., 338. 3d. Probate of will need not be proven: 4 Ga. R., 148; 2 Greenl. Ev., 339; 1 Williams on Ex'rs 450. 4th. The Act of 1866, dispensing with security is still in operation : Const. 1868, Art XI., sec. 3. Vested rights reserved : Const. 1868, Art XI., sec. 5.

WARNER, Chief Justice.

It appears from the record in this case that the plaintiffs brought their action as administrators of the estate of Seaton Grantland, deceased, against the defendant as executor of A. H. Kenan, deceased, for the sum of $3,326 37, for money collected by defendant's testator as an attorney for the plaintiffs, and not as an attorney of their intestate. To this action the defendant filed two pleas, the general issue and plea of set-off, in which latter plea the defendant alleges that the plaintiffs, as administrators as aforesaid, before and at the commencement of their said action, were indebted to him as executor the sum of $2,000, etc. On the trial of the case, the plaintiffs offered in evidence their letters of administation, and the order of the Court of Ordinary, from which it appeared that the plaintiffs were administrators with the will annexed of Seaton Grantland. The defendant objected to the introduction of this evidence upon several grounds, which objections were overruled, and the papers read in evidence. The defendant then made a motion to non-suit the plaintiffs, on the ground that the evidence offered by them to show that they were the lawful administrators with the will annexed of Seaton Grantland, did not show that fact, but on the contrary, showed they were not the lawful administrators. The motion for non-suit was overruled by the Court.

After hearing the other evidence in the case, and under the charge of the Court, the jury found a verdict for the plaintiffs. A motion was made for a new trial, on the ground that the Court erred in overruling the defendants' motion for a

non-suit, and on the further ground that the verdict, being in favor of the plaintiffs in their alleged pretended capacity of lawful administrators, with the will annexed of Seaton Grantland, deceased, is a verdict against evidence and without evidence. The Court overruled the motion for a new trial and the defendant excepted. In our judgment, the motion for a new trial was properly overruled. The plaintiffs were entitled to maintain the action in their own names, without describing themselves as administrators, and if they did so describe themselves, it was merely surplusage. Besides, if they did sue in the capacity of administrators, it was not necessary for them to prove their authority to sue in that capacity *at the trial,* when the defendant had pleaded to the merits of the action, and pleaded a set-off against them in the capacity in which they sued as administrators, without denying their authority, in his plea, to sue in that capacity. Because the plaintiffs undertook to do more than they were required to do at the trial, did not prejudice the defendant's defense or any of his rights, so far as we can perceive. The verdict was right, under the admission made in the record as to the indebtedness of the defendant's testator to the plaintiffs, and there was no error in the Court in refusing to disturb it.

Let the judgment of the Court below be affirmed.