## TUGGLE, administrator, *v.* ENTERPRISE LUMBER CO.

A private business corporation created under the laws of this State, with its principal office in a given county, can not be sued in another county for a trespass committed therein, when it has no agent, agency, or place of business in the latter county.

Argued May 25, — Decided June 17, 1905.

Action for damages. Before Judge Roberts. Irwin superior court. October 25, 1904.

*W. S. Florence* and *McDonald & Quincey,* for plaintiff.
*Ellis, Wimbish & Ellis,* for defendant.

FISH, P. J. W. R. Tuggle, as administrator de bonis non of the estate of Robert Tuggle, deceased, brought an action for damages against the Enterprise Lumber Company, for alleged cutting, by the defendant company, of timber on land in that county belonging to the estate of plaintiff's intestate. The petition alleged the defendant company to be a corporation of this State, with its principal office in Fulton county. Service was made by serving copy of second original, issued from the superior court of Irwin county, on the vice-president and general manager of the defendant company, at its place of business in Fulton county. The defendant demurred to the petition, on the ground that it showed on its face that the court had no jurisdiction of the defendant, or of the cause of action, as it was alleged that the defendant was a domestic corporation with its principal place of business in the county of Fulton, and that the petition failed to allege that at the time the timber was alleged to have been cut, or at the time suit was filed, or at any time, it had an office and transacted business in Irwin county, or at any time had an agent or place of business in that county. The demurrer was sustained, and the case dismissed. The plaintiff excepted.

The single question presented for decision is one of law, which may be stated as follows: Can a private business corporation created under the laws of this State, with its principal office in Fulton county, be sued in Irwin county for a trespass committed in the latter county, when it does not appear that the corporation sued has ever had an agent, or agency, or place of business therein? The solution of the question depends upon the proper construction of the Civil Code, §1900, which provides: "Any corporation, mining or joint-stock company, chartered by authority of this State, may be sued on contracts in that county in which the contract sought to be enforced was made, or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or, if there be no agent in the county, then at the agency or place of business." It is clear that an action against a domestic corporation, mining or joint-stock company, on a contract, can not, under this section, be brought in a county unless the defendant has an office and transacts business therein. As to suits for damages because of torts, wrong or injury done, the section declares they may be brought in the county where the cause of action originated. If the section went no further, the meaning would be plain, that such suits might be brought in the county where the cause of action originated, whether the defendant, at the time the suit was instituted, had an office and transacted business in that county or not. The section, however, proceeds to say that "service of such suits may be effected by leaving a copy of the suit with the agent of the defendant, or, if there be no agent in the county; then at the agency or place of business." "Such suits" evidently refers to "suits for damages because of torts, wrong or injury done," and it is clear that if the defendant has an agent in the county where the tort, wrong, or injury was done, then service may be effected by leaving a copy of the writ with him; but in the event there be no agent in the county, then the section provides that service may be perfected by leaving a copy of the writ "at the agency or place of business." "The agency or place of business," we think, refers to the same place; that is, "the agency" and the

" place of business " are synonymous. At what " agency or place of business," then, may the copy of the writ be left? At the principal place of business? We do not think the statute means this; because it can not be said that a corporation, mining or joint-stock company, has an agency in its home office or principal place of business; and moreover, if this were the intention, it seems that the statute would have so declared. Nor do we think it means that such a defendant may be served by leaving a copy of the writ at any agency or place of business in any county in the State where it may happen to have an agency or place of business. What reason could there be for allowing such defendant to be sued in a county in the extreme southern portion of the State, where the cause of action originated, and service of the suit to be effected by leaving a copy of the writ at an agency or place of business of the defendant in a county in the extreme northern section of the State? Considering the whole section, we think its purpose is to permit suits against domestic corporations, mining or joint-stock companies, because of torts, wrong or injury done, to be brought in the county where the cause of action originated, provided the defendant has an agent, agency, or place of business in such county; and if the agent be in the county, service is to be pefected by leaving a copy of the writ with him; but if he, for any reason, is not there, then copy of the writ is to be left at the agency or place of business in that county. It follows, from this interpretation of the section in question, that the court properly sustained the demurrer to the petition. In *Gillis* v. *Hilton & Dodge Lumber Co.*, 113 *Ga.* 622, relied on by counsel for plaintiff in error, it appeared that the Hilton & Dodge Lumber Co. had, at the time the suit was instituted, an agent and an office in the county where the action was brought, and transacted business at its office in that county.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*