## 4229. CENTRAL GEORGIA POWER CO. *v.* PARNELL.

1. An action ex delicto may be brought against a domestic corporation in the county where the cause of action originated, provided service can be perfected upon the corporation in the manner prescribed by Civil Code (1910), § 2259.
2. A plant for the manufacture and distribution of electrical power at which is maintained a large force of laborers, under the control of a superintendent or foreman, is a place of business, within the meaning of the section of the code above cited, and an action ex delicto upon a cause of action originating in a county where such a place of business is maintained may be brought in that county, notwithstanding the principal office of the corporation owning the business is by its charter located in another county, where its directors meet and its financial operations are conducted.
3. If a domestic corporation has a place of business where such a cause of action originates, service upon the agent of the corporation having the management of such a place of business in that county is sufficient, without reference to the official title or the particular duties of the agent.

DECIDED NOVEMBER 12, 1912.

Action for damages: from city court of Jackson—Judge Fletcher. April 22, 1912.

*Hatcher & Smith, Greene F. Johnson,* for plaintiff in error.
*C. L. Redman, O. M. Duke,* contra.

POTTLE, J. The suit was in tort, for damages alleged to have been caused by sickness produced by the erection and maintenance of a large pond of water by the defendant. The only questions involved in the record are, first, whether the venue of the suit was properly laid in Butts county, and, second, whether, if so, service was perfected upon the defendant in the manner prescribed by law.

1, 2. Both of these questions depend upon a construction of the Civil Code (1910), § 2259, which is in the following language: "Any corporation, mining, or joint-stock company, chartered by authority of this State, may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or if there be no agent in the county, then at the agency or place of business." In the recent case of

*General Reduction Co.* v. *Tharpe,* 11 *Ga. App.* 334 (75 S. E. 339), this court had under consideration the first paragraph of this section of the code. It was then held that the word "office," as used in that section, was synonymous with the words "place of business," and that it was the intention of the General Assembly to provide that whenever a contract was made with a corporation, or was to be performed in any county where the corporation was transacting its business, suit might be brought to enforce the contract in that county. It appeared in that case that the defendant company was a mining corporation, engaged in the business of mining clay in Twiggs county; that the only plant which it operated was located in Twiggs county and was under the charge of a superintendent, who had under him a large force of laborers, but that the principal office of the corporation, as fixed by its charter, was in Fulton county, where its directors met and where its financial operations were conducted. The present case, being an action ex delicto, depends upon a construction of the last two sentences of the code section above quoted. In *Tuggle* v. *Enterprise Lumber Co., 123 Ga.* 480 (51 S. E. 433), the Supreme Court had under consideration this portion of the section, and, after stating that the words "place of business," as used in the section, were synonymous with the word "agency," announced its conclusion as follows: "Considering the whole section, we think its purpose is to permit suits against domestic corporations, mining, or joint-stock companies, because of torts, wrong or injury done, to be brought in the county where the cause of action originated, provided the defendant has an agent, agency, or place of business in such county; and if the agent be in the county, service is to be perfected by leaving a copy of the writ with him; but if he, for any reason, is not there, then copy of the writ is to be left at the agency or place of business in that county." It is apparent that unless the defendant had an agent, agency, or place of business in Butts county, the suit could not be brought there, notwithstanding the cause of action originated in that county. The question whether the defendant had a place of business in Butts county at the time the suit was brought is in principle settled by the decision in the case of *General Reduction Co.* v. *Tharpe,* above cited. It appears, from the evidence, that the defendant company is engaged in the business of manufacturing and distributing electri-

cal power; that its power plant is located in Butts county; that all of the mechanical work incident to the operation of the plant is done in Butts county, and that a superintendent or foreman and a large force of laborers reside in Butts county and perform the labor necessary to the operation of the plant. That the defendant corporation has a place of business in Butts county, within the meaning of the code section referred to, can hardly admit of doubt. As we said in *General Reduction Co.* v. *Tharpe*, supra, "The purpose of the act of 1885 was not to curtail but to enlarge the venue of suits against domestic corporations." It is true that the principal office of the corporation, as fixed by its charter, is located in Bibb county; that the president of the corporation resides there; that contracts for and in behalf of the corporation are executed at the principal office, where the board of directors meets and where the financial operations of the company are conducted. The chief object of the statute was to meet just such a case as this, and, where a tort is committed by a domestic corporation, the suit may be brought in the county where the cause of action originated, if service can be perfected on the corporation in the manner prescribed by the statute.

3. It remains only to inquire whether the corporation had legal notice of the suit. The return of the sheriff was that he had served the corporation by handing a copy of the petition and process to one Sitton, its agent in Butts county, and this return was duly traversed by the defendant, and the issue thus made was submitted to the jury and found in favor of the plaintiff. Under a literal interpretation of the statute, service upon any agent of the corporation would be sufficient. In *Smith* v. *Southern Railway Co.*, 132 *Ga.* 57 (63 S. E. 801), the Supreme Court had under consideration section 2243 of the Civil Code of 1895, which provides that notice to a railway company to build cattle-guards "should be served on any agent or officer of such company." It was held that inasmuch as it appeared from the evidence that the defendant kept a regular agent who had charge of its business in the county where the suit was brought, service upon a person who simply acted as chief clerk for such agent, was not sufficient. But see, in this connection, *Louisville & Nashville Railroad Co.* v. *Mitchell*, 6 *Ga. App.* 390 (64 S. E. 1134). It is not essential that the agent upon whom service is made should be the officer in

charge of the company's office and business in the county where suit is brought. *Kimsey* v. *Macon Lumber Co.,* 136 *Ga.* 369 (71 S. E. 675). It appeared from the evidence in the present case that Sitton, to whom the copy of the petition was handed, was the foreman of the defendant company, in charge of its plant in Butts county. He is referred to by some of the witnesses as superintendent of the plant, and by others as foreman. One witness for the defendant speaks of him as occupying a similar relation to that of master mechanic; but whatever his title may have been, the evidence is undisputed that he was in control of the operation of the power plant in Butts county; that he was the chief agent of the defendant in that county, and, although he may not have had authority to execute contracts in behalf of the company, without submitting the same for approval to the president or some other executive officer of the company in Macon, nevertheless he was the superior officer of the company in Butts county. The object of service is to give notice of the suit to the corporation, in order that it may have opportunity to appear and defend. It would seem, therefore, that service upon any officer or agent, who had such connection with the business as that it might be fairly presumed he would get notice to the proper officer of the corporation of the suit would be sufficient. The evident policy of the law is to lay the venue of actions ex delicto against corporations in counties where the cause of action originated, provided the corporation can be found and served there in the manner prescribed by the statute. Of course, the statutory method of service is exclusive, but if the corporation has a place of business in the county where the cause of action originated, service upon the person in control of its business in that county would be sufficient, without reference to what his title may be or to what his particular duties are. Any other rule would practically nullify the statute and defeat the object sought to be accomplished by the General Assembly. The evidence in this case demanded a verdict against the traverse, and, while there were some errors in the rulings of the trial judge upon the admission of evidence, these errors were immaterial and furnish no reason for awarding a new trial.

*Judgment affirmed.*