### 4291. JONES *et al.* v. DISTRICT GRAND LODGE NUMBER 18, ETC.

RUSSELL, J. 1. It being conceded that the defendant is to be treated as an ordinary corporation, the evidence was sufficient to authorize the conclusion of the trial judge, upon the issues of fact submitted to him without the intervention of a jury, that the officers of the local lodge were in no sense agents of the defendant. This being true, the city court of Savannah was without jurisdiction. Civil Code, § 2259. The action was on a contract, and there was no evidence that the defendant, which had its principal office in Fulton county, had an office and transacted business in Chatham county. *General Reduction Co.* v. *Tharpe,* 11 *Ga. App.* 334 (75 S. E. 339); *Central Georgia Power Co.* v. *Parnell,* 11 *Ga. App.* 779 (76 S. E. 157); *Tuggle* v. *Enterprise Lumber Co.,* 123 *Ga.* 480.

2. A subordinate lodge may be, and frequently is, the agent of the superior lodge under the direction of which it is established. Whether this is true in a particular case depends upon the scheme of the organization as set forth in the constitution and by-laws of the superior lodge. *O'Connell* v. *Supreme Conclave,* 102 *Ga.* 143 (28 S. E. 282, 66 Am. St. R. 159); 1 Bacon, Benefit Societies, §§ 148, 149. In the present case the evidence submitted to the presiding judge without the intervention of a jury authorized a finding that the local lodge was not an office and place of business of the defendant, and was not its agent so as to authorize suit to be brought against the defendant in Chatham county, and service to be perfected upon a member of the local lodge as the agent of the defendant. It does appear that the person upon whom service was perfected received dues and assessments from the members

18

resident in Chatham county, and transmitted them to the defendant in Fulton county; but, according to the evidence, in performing this service he was acting merely for the convenience of the members, was not. delegated by the defendant to ·perform the service, and received no compensation therefor, and had executed no bond for the faithful performance of this duty. Furthermore, in the evidence there is nothing to indicate that this was the exclusive method of collecting and transmitting these dues. On the contrary, so far as appears, it was incumbent upon each member to see that his dues and assessments reached the defendant, and to select his own ·agent for this purpose.

*Judgment affirmed.*

DECIDED FEBRUARY 11, 1913.

Action on insurance policy; from city court of Savannah—Judge Davis Freeman. April 15, 1912.

*Shelby Myrick,* for plaintiffs.

*C. P. Goree,* for defendant.

HILL, C. J., dissenting. I dissent from the opinion of the majority of the court, that the service in this case was not good, and that the city court of Savannah was without jurisdiction. The pressure of business upon this court is too great just at this particular juncture to enable me to write a dissenting opinion elaborating the view which I take of the law, under the evidence. I must content myself with the statement that, under the facts, the subordinate lodge, located in Savannah, Chatham county, Georgia, represented the defendant corporation in the transaction of its business in that county, and that through this agency the defendant corporation had an office and did transact its business in said county. The undisputed evidence shows that this local or subordinate lodge in Savannah represented the defendant, the District Grand Lodge No. 18, Grand United Order of Odd Fellows of America, in taking applications for insurance, transmitted these applications to the principal or Grand Lodge in Atlanta, received from the Grand Lodge thereafter the policies issued on these applications, delivered these policies to the various applicants for the same in Savannah, and, during the lifetime of the policies, collected from the policyholders the premiums, and transmitted to the Grand Lodge at Atlanta its part of the premiums, and retained that part which belonged to the local lodge, for each policy. If these facts do not show that the District Grand Lodge, the defendant, through its representative, the local or subordinate lodge, did "have an office and transact business" in Savannah, Chatham county, Geor-

gia, I am at a loss to know what facts would show it. The service was made upon the chief executive officer of the local lodge, called the "Noble Grand," and also upon the "Permanent Secretary" of the local lodge. I think that, under the provisions of the Civil Code (1910), §§ 2258, 2259, the mode of service was sufficient, and that the city court of Savannah had jurisdiction of the defendant corporation.