13440.    HUTCHESON MANUFACTURING COMPANY *v.* CHANDLER, administratrix.

1. The service upon the defendant was sufficient as against the objections interposed.
2. The record does not sufficiently raise for decision the question of whether upon the death of the plaintiff, who was suing under the provisions of section 4424 of the Civil Code (1910) for the death of her son, her temporary administrator then made a party would not in abstract law be authorized to proceed with the action as the plaintiff in her stead.
3. There was no substantial merit in any of the special assignments of error. There was some evidence to authorize the verdict in favor of the plaintiff, which the trial judge has approved, and there was no error in overruling the defendant's motion for a new trial.

DECIDED FEBRUARY 22, 1923.

Damages; from city court of Carrollton — Judge Hood. February 18, 1922.

Application for certiorari was made to the Supreme Court.

*Boykin & Boykin, Griffith & Matthews,* for plaintiff in error.
*J. Caleb Clarke, S. Holderness,* contra.

BELL, J. 1. This was an action originally filed by Mrs. Josie Berger, for damages on account of the death of her son, alleged to have been caused by the negligence of the defendant. Subsequently she died and an administratrix was appointed and made a party plaintiff in her stead. The suit was filed in the city court of Carrollton, and alleged that the injury and death occurred in Carroll county.

The defendant is a private corporation existing under a charter fixing its place of business in the same county. However, at some time subsequent to the occurrence out of which the suit arises, the defendant had ceased business operations in the county, and has no agent, officer, agency or place of business therein, aside from the provisions of its charter as to the location in that county of its principal place of business. Its chief officers reside in Haralson county; its treasurer resides in DeKalb county. These appear to have been the facts at the time the suit was filed and at all other times thereafter during its progress. The suit was returnable to the March term, 1921. The first attempt at service appears to have been admittedly a failure. On May 21, 1921, the plaintiff procured an order from the presiding judge, of which the following is a copy: " It being made to appear to the court that the defendant has filed a plea to the jurisdiction of said court, and set up that the superior court of Haralson county, Ga., has jurisdiction, and it appearing from allegations of plaintiff's petition that the defendant is a local corporation with its principal and only place of business in this Carroll county, Georgia, and that, as shown by the defense filed in this court, that the officers of said corporation reside in Haralson county, Georgia, it is thereupon ordered by the court that a second original do now issue from this court and service be perfected by serving a copy thereof on the said corporation, by leaving a copy on its president personally in Haralson county, Ga., by the sheriff of Haralson county, Ga. May 21, 1921. In open court. Leon Hood, J. C. C. C." The second original was accordingly issued, with process directed to the sheriff, or his deputies, of Haralson county. On May 24, 1921, a return of the same was made, as follows: " Georgia, Haralson County. Served the defendant, The Hutcheson Mfg. Co., with a true copy of the within second original, by handing copy personally to H. A. Jackson, Vice-President of said company. This May 24, 1921. G. B. Richards, Sheriff." This entry was attacked by a traverse. It was contended therein that this service did not amount to service upon the company as therein declared; that the process had not been served upon any officer or agent upon whom service might be made so as to bind the defendant. Various grounds of attack are made upon the sufficiency of this service, but this general statement will suffice for the purpose in hand.

It will be noticed that the order recited that the service should be made upon the president, while it actually was made upon the vice-president. The plaintiff moved to amend the order by inserting, after the word "president," "or some other officer of said corporation." The defendant objected to the allowance of this amendment, upon the ground that the original order provided for service upon the president, and that the service upon the vice-president was therefore invalid and could not now be made good by any amendment of the original order. The court overruled the motion and allowed the amendment. No subsequent service was made.

Upon the trial of the traverse it indisputably appeared, as above stated, that there was no representative or agency of the company in Carroll county upon whom or at which service might be made. The court directed a verdict against the traverse. There were objections to the mode of the trial of the issue upon the traverse, and there was a plea to the jurisdiction, but these need not be referred to in detail, inasmuch as they will be controlled by our decision upon the questions which we have specifically stated. There was no waiver of service by the answer, but, on the contrary, the contentions as made by the traverse and the above-mentioned plea were properly preserved. *Bell* v. *New Orleans &c. R. Co.,* 2 *Ga. App.* 812 (5)  (59 S. E. 102) ; *McFarland* v. *McFarland,* 151 *Ga.* 9 (3)  (105 S. E. 596).

Since the charter of the defendant fixes its principal place of business in Carroll county, this is the county of its residence, and the only county in which it can be sued, unless otherwise provided by statute (*Central of Ga. Ry. Co.* v. *Slate,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518) ; *Sprinkle Distilling Co.* v. *So. Express Co.,* 141 *Ga.* 21 (80 S. E. 288) ; Civil Code (1910), § 6543) ; and it is nowhere so otherwise provided unless by the terms of section 2259 of the code. But this section adds nothing in the present case, for the reason that the injury also occurred in the county of Carroll.

The domicile of a corporation does not depend upon the place of the residence of its officers, but upon the terms of its charter. In addition to the authorities above cited, see: *McCandless* v. *Inland Acid Co.,* 115 *Ga.* 968 (3), 977 (42 S. E. 449) ; *Jossey* v. *Georgia & Alabama Railway Co.,* 102 *Ga.* 706 (28 S. E. 273).

In the last-mentioned case it is shown that the location of the principal office by the charter cannot be changed by the mere action of the corporate authorities. There is no place where this suit could have been brought except in the county of Carroll.

How was the defendant to be served? Section 2259 of the code, already adverted to, provides as follows: " Any corporation, mining, or joint stock company, chartered by authority of this State, may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or if there be no agent in the county, then at the agency or place of business." But service under this section was impossible, because the defendant had no agent in the county, and no physical place of business at which a copy of the writ might be left. *Central Georgia Power Co.* v. *Parnell,* 11 *Ga. App.* 779 (76 S. E. 157); *Tuggle* v. *Enterprise Lumber Co.,* 123 *Ga.* 480 (51 S. E. 433).

Clearly this was no case for service by publication under section 2261 of the Civil Code, for there were officers in the State upon whom the service might be personally perfected. Section 2258 of the code provides upon whom the service shall be made. This section is as follows: " Service of all subpœnas, writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." But in attempting to proceed under this section the plaintiff was confronted again with the fact that there was no officer or agency in the county upon whom or at which service might be made. The clerk could only issue the usual process. He had no authority without an order of court, in a case of this sort, to issue process directed to the officers of any other county. Civil Code (1910), § 5567. Furthermore, the sheriff of Carroll county could not serve the process, because his

authority to make service in a case of this kind was limited to the bounds of his county. *Goetchius* v. *White,* 11 *Ga. App.* 456 (75 S. E. 674). The plaintiff was therefore in the situation of having to sue in the county of Carroll, but found the ordinary machinery of the court insufficient as a means for perfecting the necessary service of her complaint. In such a case she was justified in appealing to the inherent powers of the court, and the court was justified in exercising them. " A court with jurisdiction of the person and subject-matter of the action necessarily has the power to take proper steps to have service duly made." *Devereux* v. *Atlanta Railway &c. Co.,* 111 *Ga.* 855 (2) (36 S. E. 939). " If the company have no agent in the county in which the cause of action originated, the action may nevertheless be brought in that county, the court having power to perfect service upon the defendant." *Coakley* v. *Southern Railway Co.,* 120 *Ga.* 960 (2) (48 S. E. 372). We think this authority is peculiarly applicable to the facts of this case.

In the case of *United States Casualty Co.* v. *Newman,* 137 *Ga.* 477, 449 (73 S. E. 667), the Supreme Court makes a pertinent observation with reference to doctrine of the *Devereux* case, showing it is grounded in necessity, and may in a proper case be justifiably applied. See also the following: *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398 (2) ; *Richards* v. *McHan,* 139 *Ga.* 37 (2) (76 S. E. 382) ; *Georgia Railroad &c. Co.* v. *Bennefield,* 138 *Ga.* 670, 672 (75 S. E. 981) ; *Jefferson Fire Ins. Co.* v. *Brackin,* 140 *Ga.* 637 (3) (79 S. E. 467).

From the foregoing it will be seen that the court was clearly within its power in providing the mode of service. The question now arises, was the service upon the vice-president a valid service upon the company, when the court had ordered the service to be made through its president? If it was defective, was the defect cured by the subsequent amendment of the order so as to include other officers, the vice-president among them, when no service was made thereafter under the order as amended? We seriously doubt if the court had the right to restrict the service to the president, in the first place. Section 2258 of the code, which we have above quoted, provides for service upon " any officer or agent." It was, therefore, unnecessary for the court to order upon which officer service should be made ; and what the court did order was not in accordance with the statute. We are of the opinion that it could

only direct the manner by which the person to be served might be reached, and that the part of the order which named the "president" as the officer through whom service was to be perfected may be treated as surplusage, although the order was issued at the plaintiff's own instance. Though the process is not before us, we presume that it was in proper form. If so, it was directed not to the president of the company or to any other officer, but to the company itself, and when served upon any officer thereof it was service upon the corporation. We think the effect of the amendment of the order was merely to remove a limitation which should not have been placed in the order in the first instance, and to restore to the plaintiff the right which she had by statute of having the service made upon any officer or agent of the company in any county to whose officers the process upon the second original might be directed. The court was here making its order "conformable to law and justice." One of the powers of a court is "to amend and control its process and orders so as to make them conformable to law and justice." Civil Code (1910), § 4644 (6). It is provided also in section 5572 of the code that "No technical or formal objections shall invalidate any petition or process; but if the same substantially conforms to requisitions of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded."

The conclusion seems demanded that by the service of the process (which the court had the inherent power to order issued) upon one of the officers upon whom the statute says service may be made, "the defendant has had notice of the pendency of the cause," in a manner fully authorized by the law, and therefore that "all other objections shall be disregarded."

It will be distinctly noted in this connection that no attack was made upon the form of the process. The attack was solely upon the authority upon which it issued, upon the manner of its service, and upon the jurisdiction of the court to entertain the cause and to execute the orders which we have mentioned.

It follows, from what we have said, that the evidence demanded a finding against the traverse, and it was, therefore, harmless error, if error at all, for the court to consolidate this issue with another of the same kind, though the defendant objected. There was no error in any of the rulings of the court upon the questions above referred to or kindred questions.

2. After the filing of the suit and before the trial the plaintiff died. The record discloses the following order: " It being made to appear to the court that since the institution of this suit that the plaintiff died, that Mrs. Maggie Chandler has been appointed administratrix of her estate, that she consents and begs to be made party plaintiff, it is thereupon ordered and adjudged by the court that Mrs. Maggie Chandler as administratrix of the estate of Mrs. Josie Berger be and she is hereby made party plaintiff in lieu of the dead plaintiff, and that said case proceed in her name as such administratrix. Sept. 14, 1921. Leon Hood, J. C. C. C." It does not appear that any objection has been ever made thereto. This order does not show whether the administratrix was temporary or permanent. If it could be said that a temporary administratrix would have no authority to continue the action, and if nothing else appeared, we should have then to presume that the party thus made was not an administratrix of that class, but one of the class who would have had the power to proceed with the suit; that the court must have passed upon the credentials of the new party, and would not have made one a party who had no power to proceed with the case then before it for trial. But upon the trial the plaintiff tendered in evidence temporary letters of administration issued to Mrs. Chandler upon the estate of Mrs. Berger, and the following then occurred: " Movant insisted and objected to the admission of such evidence at the time the same was offered, and did then and there urge the following objections, to wit: that said letters were not competent evidence, and it does not appear that a permanent administratrix had been appointed; they are only temporary letters of administration, and there had been plenty of time, same being withdrawn and later a certified copy of temporary letters of administration were later offered by counsel and admitted for plaintiff and no further objection made." The objections here made are altogether insufficient to raise the question of the authority of the plaintiff as a temporary administratrix to proceed with the litigation. The point is not specific enough as an attack upon the capacity of a temporary administratrix to continue the suit. Furthermore, after the order making the administratrix a party (whether temporary or permanent not appearing) had been passed without objection, we think the case stood on the same footing as one in which the suit was

filed by the administrator originally, and that the following ruling is altogether applicable thereto: "Where suit was brought by an administrator proof of his representative character was unnecessary, where no plea of ne unques administrator was filed." *Merritt* v. *Cotton States Life Ins. Co.,* 55 *Ga.* 103 (3). See also *Macon & Western R. Co.* v. *Davis,* 18 *Ga.* 679; *Kenan* v. *DuBignon,* 46 *Ga.* 258 (2); *Fuller* v. *Wood,* 137 *Ga.* 66 (2) (72 S. E. 504).

But the defendant excepts also to an excerpt from the charge of the court in which the jury were instructed that the case might proceed with Mrs. Chandler as administratrix in the place of Mrs. Berger. In view of the order above shown, and the failure of the defendant then, or thereafter when the temporary letters were introduced, to contest the right of the administratrix to proceed with the case as plaintiff, by any appropriate plea, such as is required under the authorities above cited, there was no error in the instructions in this connection complained of.

On the authority of a temporary administrator in regard to the institution of suits, see the following: *Frazier* v. *Georgia Railroad &c. Co.,* 101 *Ga.* 77 (28 S. E. 662); *Reese* v. *Burts,* 39 *Ga.* 565 (1); *Mason* v. *Atlanta Fire Co.,* 70 *Ga.* 604 (1), 607 (48 Am. R. 585); *Louisville & Nashville Railroad Co.* v. *Chaffin,* 84 *Ga.* 519 (11 S. E. 891); Civil Code (1910), § 3937.

3. In view of the entire record, there is no substantial merit in any of the special assignments upon the rulings of the court during the trial. Although the requests to charge, with one exception, set forth correct principles of law, they were either sufficiently covered by the general charge or not pertinent, and there was no error in refusing them. In at least four of the grounds of the amended motion the excerpts from the charge are so imperfectly set forth that no error in any of them appears. As set out in the assignments, they stated hypotheses only, without instructing whether the defendant would be liable thereunder or not.

While all of the assignments have been most carefully considered, we will refer specially to only two of those remaining. They are contained in the eleventh and twenty-fifth paragraphs of the amended motion for a new trial. The first of these is an exception to the following charge of the court: "And she will have the right, as administratrix, in the place of Mrs. Josie Berger, to recover just as Mrs. Josie Berger would have recovered had she

been in life." The assignment is that this charge was an expression of opinion by the court that had Mrs. Josie Berger, the mother of the deceased servant, continued in life she would have been entitled to recover and that, therefore, the plaintiff as administratrix is entitled to recover. While this instruction was inaptly stated, we are not justified in setting aside the verdict upon this account alone. The judge was merely undertaking to instruct the jury that the administratrix was entitled to maintain the action just as Mrs. Berger might have done if she had not died; that upon her death the right to prosecute the suit succeeded to the administratrix. While technically the instruction is not free from error, it can not be reasonably supposed that the jury were misled thereby. In view of the entire charge of the court *as given,* they could hardly have understood the judge to intend an expression of opinion on the right of the plaintiff to recover. *Mayor &c. of Cedartown* v. *Vann,* 13 *Ga. App.* 111 (78 S. E. 829); *Payne* v. *Allen,* 28 *Ga. App.* 8 (5 *a, b*)   (110 S. E. 345).

The twenty-fifth ground complains of the court's refusal of a written request to charge that " one who knowingly and voluntarily takes the risk of physical injury, the danger of which is so obvious that the act of taking such risk in and of itself amounts to a failure to exercise ordinary care and diligence for his own safety, cannot hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence." The court instructed the jury that a servant assumes the ordinary risks of his employment and is bound to exercise his own skill and diligence to protect himself, and charged them also as to the duties of the servant as imposed by the provisions of Civil Code (1910), § 3131. This might not have been a sufficient reason for declining the request if it had been proper and pertinent to the issues of the case. But it was nowhere contended by the defendant that there were any obvious dangers to which the servant was exposed. The action was defended upon the theory that there was no negligence whatever upon the part of the defendant or of the servant, but that the death of the servant was caused " by an act of God, and was an accident over which no human power had any control, or power to avert," in that he was killed by a stroke of lightning; " that no instrumentality or machinery of the defendant was the cause of it or anything over

which it had control." The servant was killed while undertaking to disconnect the electrical power from the plant of the defendant. The way of applying or releasing the power was to reach and control a switch by means of a pole. The plaintiff alleged that the servant, in the line of his duty, undertook to disconnect the power by raising the pole to the switch, and that by reason of defects in the pole and other instrumentalities, a current of electricity passed from the line over which the power was supplied, through the pole and into the body of the servant, causing his death. It was claimed by the defendant that the servant was struck and killed by lightning at the instant he was about to perform this service. The above quotations are from the defendant's answer. The remainder of the answer was a general denial. Its evidence was directed solely to the issues thus made. The defendant sought nowhere, by pleadings or evidence, to set up a defense to which the above request would have been applicable, nor was the request pertinent in view of any evidence from the side of the plaintiff. Instead of committing error in refusing the request, the court more likely would have erred as against the plaintiff in giving it.

After a most thorough examination of the entire record, no material or prejudicial error is found. There was some evidence to authorize the verdict, and the judgment refusing the motion for a new trial must be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*