18360. SOUTHERN LUMBER CO. *v.* RAMSEY-WHEELER CO.

STEPHENS, J. 1. The section 2259 of the Civil Code of 1910, codifying an act of 1885, which provides that suits ex contractu against corporations may be brought in the county in which the contract sued on was

made or is to be performed, if the corporation has an office and transacts business in the county, does not repeal, but is cumulative only of the general provisions of law that suits against domestic corporations, including suits ex contractu, may be brought within the county where, by the charter of the corporation, its principal office is located. See, in this connection, *Watson* v. *Richmond & Danville Railroad Co.*, 91 *Ga.* 222 (18 S. E. 306); *General Reduction Co.* v. *Tharpe*, 11 *Ga. App.* 334 (75 S. E. 339); *Jossey* v. *Georgia & Alabama Railway Co.*, 102 *Ga.* 706 (28 S. E. 273); *Central of Georgia Railway Co.* v. *State*, 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518); *McCandless* v. *Inland Acid Co.*, 115 *Ga.* 968 (3) (42 S. E. 449); *Case Threshing Machine Co.* v. *Thurmond*, 144 *Ga.* 21 (86 S. E. 324); Civil Code (1910), § 6543.

2. Where there is no agency or agent within the county in which by the charter of a domestic corporation its principal office is located upon whom service can be perfected in the county, service of a suit brought against the domestic corporation in such county may be perfected by service of a second original of the petition in any other county in the State wherein the corporation has an agency or an agent upon whom service can be perfected. *Hutcheson Manufacturing Co.* v. *Chandler*, 29 *Ga. App.* 726 (116 S. E. 849); *Central Georgia Power Co.* v. *Parnell*, 11 *Ga. App.* 779 (76 S. E. 157); *Tuggle* v. *Enterprise Lumber Co.*, 123 *Ga.* 480 (51 S. E. 433); *Devereux* v. *Atlanta Railway Co.*, 111 *Ga.* 855 (36 S. E. 939); *Coakley* v. *Southern Railway Co.*, 120 *Ga.* 960 (48 S. E. 372).

3. This being a suit ex contractu against a corporation, brought within the county of Liberty, and it appearing from the allegations in the petition that the defendant is a domestic corporation with its principal office and place of business located in that county under a charter granted by the superior court of that county, although it may appear that the contract sued on was to be performed in the county of Bryan in this State, in which the defendant corporation has an office and transacts business, jurisdiction of the suit is in Liberty county; and where it appears from the return of service by the sheriff that there was no agent or agency of the defendant within the county upon whom service could be perfected, and where it further appears that, pursuant to an order of court, service was legally perfected in the county of Chatham by the sheriff of that county, who served the second original and process upon the defendant by delivery of copies of the same to the agent in charge of the business of the defendant at its office and place of business in that county, it appears that service upon the defendant was legally perfected, and the court did not err in overruling the defendant's motion to dismiss the suit for want of service.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided August 29, 1928.

J. P. *Dukes*, for plaintiff in error.

O. C. *Darsey*, *Edwin A. Cohen*, contra.