MARTIN & THOMPSON INCORPORATED *v.* ALLEN.

No. 12623. APRIL 15, 1939.

*Louis L. Brown* and *Herbert Vining,* for plaintiff in error.
*C. L. Shepard,* contra.

REID, Chief Justice. Mary Carolyn Allen, by next friend, brought suit in the superior court of Peach County, against Martin & Thompson Inc., to recover damages for personal injuries. The petition alleges that while the defendant is a corporation having its office and chief place of business in Pulaski County, it has an agent and place of business in Peach County, in that it leases a certain building in said county and through its agents operates therein a motion-picture theater ; that "as such lessee the defendant has entire management, supervision, and control of suid building . . and otherwise the complete control, management, and operation of the business therein conducted ;" that on a named date the plaintiff purchased a ticket and became a patron of the theater, and while attending a performance therein sustained severe personal injuries which were the result of alleged acts of negligence of

defendant. On the petition the sheriff of Peach County made the following return of service: "Georgia, Peach County. I have this day served the within suit and process by handing a true and correct copy thereof to J. R. Roberts personally, the said J. R. Roberts being the agent and manager of the defendant, Martin & Thompson Inc., in charge of its office and business in Fort Valley, Peach County, Georgia." The judge overruled a "plea in abatement" (in effect a demurrer) by the defendant, which contested the jurisdiction of the court, and exception was taken to that ruling.

It is declared in the Code, § 22-1102 (Acts 1884-5, p. 99), that "Any corporation chartered by authority of this State may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or, if there be no agent in the county, then at the agency or place of business." Under this section, an action against a corporation for damages arising ex delicto may be brought in the county where the cause of action originates, provided such corporation has an agent and place of business in such county. *Tuggle* v. *Enterprise Lumber Co.*, 123 *Ga.* 480 (51 S. E. 433); *Central Georgia Power Co.* v. *Parnell*, 11 *Ga. App.* 779 (76 S. E. 157); *Jones* v. *District Grand Lodge*, 12 *Ga. App.* 273 (76 S. E. 279); *Ellis* v. *Southern Express Co.*, 27 *Ga. App.* 738 (110 S. E. 43); *Padrick* v. *M. C. Kiser Co.*, 33 *Ga. App.* 15 (124 S. E. 901); *Gillis* v. *Hilton & Dodge Lumber Co.*, 113 *Ga.* 622 (38 S. E. 940). The allegations of the petition sufficiently show that the defendant had an agent and place of business in Peach County. Service appears to have been made on an "agent and manager of the defendant . . in charge of its office and business in . . Peach County." The "plea in abatement" does not deny the allegations of the petition, or set up a contrary state of facts. There was no traverse of the return of the sheriff. It follows that the action was maintainable against the defendant in Peach County, under the Code. The plea in abatement sets up, however, that the section cited is unconstitutional, in that it is in conflict wih art. 1, sec. 1, and art. 6, sec. 16, par. 6, of the constitution of this State. Art. 1, sec. 1, is quoted as providing

that "All civil cases at law (except as otherwise provided by law) shall be tried in the county wherein the defendant resides." This appears to be a verbatim quotation from the Code, § 3-201, and is not a part of the constitution. Art. 6, sec. 16, par. 6 (Code, § 2-4306), declares that "All other civil cases shall be tried in the county where the defendant resides." It was many years ago decided that the legislature may fix the residence of a corporation in a county other than that of its principal place of business as provided in its charter, without violating the constitution. Construing this provision of the constitution, this court, in *Davis* v. *Central Railroad &c. Co.*, 17 *Ga.* 323, 335, said: "Upon the whole, what we think was meant by the part of the constitution in question is this: that all civil cases are to be tried in the county in which the defendant resides — the county in which he resides to be ascertained by the law of residence, which may happen to be in existence at the time when the case arises, or perhaps at the time when the case is to be tried. Having this view of this part of the constitution, we of course have to regard the subject of residence, whether of natural persons or artificial persons, as within the power of the legislature." In that case the court upheld an act of the legislature which provided, in substance, that railroad companies of this State, for injuries done by them to stock, etc., shall be liable to be sued in the counties in which the injuries may have been committed.

Since that decision this court has consistently upheld the right of the General Assembly to legislate as to the residence of corporations, for the purpose of suits brought against them. *Ga. R. &c. Co.* v. *Oaks*, 52 *Ga.* 410 (2); *Merritt* v. *Cotton States Life Insurance Co.*, 55 *Ga.* 103; *Gilbert* v. *Georgia R. &c. Co.*, 104 *Ga.* 412 (30 S. E. 673); *Jefferson Fire Ins. Co.* v. *Brackin*, 140 *Ga.* 637 (79 S. E. 467); *Central Georgia Power Co.* v. *Stubbs*, 141 *Ga.* 172 (80 S. E. 636). See also *Bracewell* v. *Southern Ry. Co.*, 134 *Ga.* 537 (68 S. E. 98); *Citizens & Southern Bank* v. *Taggart*, 164 *Ga.* 351 (138 S. E. 898); *Tennessee Coach Co.* v. *Snelling*, 51 *Ga. App.* 432 (180 S. E. 741); *Nalley* v. *Moore*, 51 *Ga. App.* 718 (181 S. E. 429). At the present term this court in *Speed Oil Co.* v. *Aycock*, 188 *Ga.* 46 (2 S. E. 2d, 666), upheld the right of the legislature, under the constitution, to fix the residence of a corporation. While in *Youmans* v. *Hickman*, 179 *Ga.* 684 (177 S. E. 238), this

court held that the legislature may not "provide that a natural person, an individual, who lives and has his domicile and residence in one county, and his domicile and residence is fixed there under the law as it stands, should be deemed also to be a resident, for certain purposes, of another county," the rule of construction giving to the legislature power to make a corporation a resident of more than one county, for some purposes, was expressly recognized. The court said: "There is no apparent reason why a corporation which does business in several counties may not for some purposes have a residence in each of those counties. Therefore, when the General Assembly enacted that suits against corporations could and should under certain circumstances be filed in the county where the cause of action arose and where the corporation was engaged in business, that act was construed by the Supreme Court as an implied designation of that county as the residence of the corporation, at least for the purpose of that suit." Counsel, by force of these rulings, concedes that the legislature may classify corporations, such as railroad, insurance, and electric companies, and even concedes that the legislature might classify corporations operating theaters, such as the defendant in the present case, and by special enactments as to each provide that suits may be brought against such corporations in counties where they have an office or place of business, on causes of action arising in such counties, but contends that the legislature has no right to provide by one general enactment that *all* corporations may be so sued. We see no merit in this argument. The right of the legislature to make a corporation a resident of a county other than that where its principal office and place of business is located and in counties wherein it maintains a place of business, as here provided, is not derived from or related to the particular kind of corporation being dealt with or the character of business it conducts, but is derived solely from its character as a corporation, the existence of which is derived from legislative authority, and, as such, the legislature may provide that it be a resident of a county other than that where its principal place of business is located. This power of the General Assembly to legislate as to the residence of corporations is not limited to any one or several classes of corporations. One corporation having a place of business in a county other than that of its principal office and place of business stands on no different footing from any other and different kind of cor-

poration in like position. The power of the legislature to provide in one enactment, as in the present instance, that all corporations shall be subject to suit in any county where they maintain an office and place of business, as to causes of action ex delicto which originate in such county, is ample, and does not violate the constitution. The judge did not err in overruling the plea challenging the jurisdiction of the court.

*Judgment affirmed. All the Justices concur.*