41816. SINGUEFIELD v. GENERAL OGLETHORPE HOTEL COMPANY.

SUBMITTED FEBRUARY 9, 1966—DECIDED MARCH 16, 1966.

*Allgood & Childs, Dickey, Futrell & Barker, Reginald M. McDuffee,* for appellant.

*Richardson, Doremus & Karsman, Stanley Karsman,* for appellee.

JORDAN, Judge. J. Earl Singuefield filed suit in the Superior Court of Chatham County against the General Oglethorpe Hotel Company, a Georgia corporation, to recover damages for personal injuries sustained by him on June 15, 1963, in a hotel allegedly owned and operated by the defendant in Chatham County.

The defendant corporation filed a plea to the jurisdiction of the court on the ground that it did not have an officer, agent or place of business in Chatham County and was not doing business in that county, it being alleged therein that the venue of this action was in Fulton County where the office of its Executive Vice President and Secretary and Treasurer, Martin H. Rubin, was located.

The trial court after a hearing sustained this plea and dismissed the plaintiff's petition. This appeal is from that judgment. The defendant-appellee has filed a motion to dismiss the

appeal on the ground that no enumeration of error has been filed by the plaintiff-appellant as required by law.

1. The record before this court discloses that a timely and proper enumeration of error was filed by the appellant and made a part of the record here; the motion to dismiss is therefore denied.

2. The burden of proof was on the defendant to establish the averments of its plea to the jurisdiction including the allegation that the venue of this action was in Fulton County and not Chatham County. *Pyron & Son v. Ruohs,* 120 Ga. 1060 (2) (48 SE 434); *Kahn v. Southern Building &c. Assn.,* 115 Ga. 459 (1) (41 SE 648); *Code* § 81-502. To carry this burden the defendant introduced evidence showing that the corporation had ceased doing business in Chatham County and did not have an officer or agent there and that the only officer or agent of the corporation who resided in the State of Georgia was its Executive Vice-President and Secretary and Treasurer, Martin H. Rubin, who lived in DeKalb County and had an office in Fulton County at which he transacted corporate business.

The defendant did not, however, introduce in evidence the corporate charter or produce any other evidence to show that the principal place of business, or legal residence, of the corporation was in Fulton County and not in Chatham County or elsewhere; and as stated by this court in *Hutcheson Mfg. Co. v. Chandler,* 29 Ga. App. 726, 728 (116 SE 849), "The domicile of a corporation does not depend upon the place of the residence of its officer, but upon the terms of its charter." The principal place of business of a corporation as fixed by its charter is its legal residence and the only place it can be sued in the absence of the application of special statutory provisions. *Hutcheson Mfg. Co. v. Chandler,* supra; *Southern Lumber Co. v. Ramsey-Wheeler Co.,* 38 Ga. App. 481 (144 SE 349). In this connection counsel for the defendant in response to questioning by the court did admit that the principal place of business of the corporation was in Chatham County at one time and that, while the corporation had ceased doing business, it had not been legally dissolved. Under this admission, and in the absence of the production of evidence to the contrary, it must be presumed that the principal place of

business of the corporation, as fixed by its charter, was still in Chatham County (*Code* § 38-119; *Griffin v. Miller,* 29 Ga. App. 585 (1), (116 SE 339)), and that the legal residence of the corporation was therefore in Chatham County.

Accordingly, the venue of this action was clearly in Chatham County, the county of the legal residence of the defendant corporation, and it is immaterial that the corporation did not have an officer, agent or place of business in that county since service could be perfected upon it "by service of a second original of the petition in any other county in the State wherein the corporation has an agency or an agent upon whom service can be perfected. *Hutcheson Mfg. Co. v. Chandler,* 29 Ga. App. 726 (116 SE 849); *Central Ga. Power Co. v. Parnell,* 11 Ga. App. 779 (76 SE 157); *Tuggle v. Enterprise Lumber Co.,* 123 Ga. 480 (51 SE 433); *Devereux v. Atlanta Railway Co.,* 111 Ga. 855 (36 SE 939); *Coakley v. Southern Railway Co.,* 120 Ga. 960 (48 SE 372)." *Southern Lumber Co. v. Ramsey-Wheeler Co.,* 38 Ga. App. 481, 482, supra. Service in this case was perfected upon Martin H. Rubin, Executive Vice-President and Secretary and Treasurer of the defendant corporation at his office in Fulton County, Georgia, and the entry of such service was not traversed by the defendant.

While the defendant corporation introduced evidence that its interest in the hotel in which the plaintiff was allegedly injured had been terminated prior to the occurrence complained of, such evidence clearly concerned the merits of the plaintiff's cause of action and was wholly immaterial to the issues raised by the defendant's plea to the jurisdiction. The Superior Court of Chatham County had jurisdiction of this case and its judgment sustaining the defendant's plea and dismissing the plaintiff's petition is reversed.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*