## 50188. LUKAS et al. v. PITTMAN HIGHWAY CONTRACTING COMPANY.

PANNELL, Presiding Judge.

John F. Lukas and Valorie Ann Lukas, by next friend, brought an action on May 14, 1974, against Pittman Highway Contracting Company and John H. Pittman to recover for damages allegedly suffered in an automobile collision at the intersection of South Hariston Road and Covington Highway. In what county of this state does not appear by express allegation. Paragraph 1 of the petition alleged: "That Pittman Highway Contracting Co., one of the defendants, is a Georgia Corporation with an agent for service in Fulton County, Georgia and after being served with a copy of this complaint will be subject to the jurisdiction of this court. That James H. Pittman, also a defendant, will be subject to the jurisdiction of this court after being served. *Defendant, Pittman Highway Contracting Co., was incorporated in Fulton County and according to its charter, its principal office is located in Fulton County, Georgia.*" (Emphasis supplied.)

The defendant, Pittman Highway Contracting Company, filed a motion to dismiss the complaint upon three grounds. Ground 1 was that the court was without jurisdiction over this defendant because at the time of filing of the complaint the defendant's registered address was 3168 Berkley Lake Road, Norcross, in Gwinnett County, Georgia, as shown by certified copy of the "annual registration" filed in the office of the secretary of

state on the 13th day of May, 1974, a copy of which was attached to the motion as Exhibit "A." Ground 2 merely alleged that "venue is improper in these proceedings." Ground 3 complained of insufficient service of process on the ground that "As evidenced by defendant's Exhibit "A" hereinbefore referred to, defendant's registered agent in Georgia was Lo[u]is Pittman, Jr., and defendant's registered office in Georgia was 3168 Berkley Lake Road, Norcross, Gwinnett County, Georgia and service not being perfected on this defendant as by law provided there is an insufficiency of service of process on this defendant." Attached to the motion was a certified copy of what was referred to as "the annual registration" filed in the office of the secretary of state on the 13th of May, 1974, just one day prior to the bringing of the complaint. The purported certified copy was a printed form showing Louis Pittman, Jr., Atlanta, Georgia, as a registered agent and the registered office in Georgia as being located at 3168 Berkley Lake Road, Norcross. Norcross is in Gwinnett County, Georgia. The plaintiff introduced in evidence a similar certified copy of a registration filed in the office of the secretary of state on the 15th day of October, 1973, showing a registered agent in Georgia as Eugene R. Simmons [named in the return of service], Atlanta, Georgia and the registered office in Georgia as 1000 Valley Forge Building, 92 Luckie Street, Atlanta, Georgia 30303. The defendant corporation was chartered February 21, 1961. The registration statement filed on May 13, 1974 did not disclose the prior registration of office or agent as required by Code § 22-402. This was all of the evidence disclosed by the record in this court, other than the pleadings. The trial judge granted the motion and dismissed the complaint. Complainant appealed to this court. *Held:*

1. The Georgia Business Corporation Code enacted in 1968, repealed all of former Chapter 22 of the Georgia Code of 1933, as amended, and enacted a comprehensive corporation law with the same Chapter number. Ga. L. 1968, p. 581 et seq. Former Code § 22-1102 as to additional venue and service on corporations in actions in contract and tort was re-enacted as § 22-5301. See also § 81A-104 as to service of complaints. § 22-401 provides: "(a) Each

corporation shall have and continuously maintain in this State: (1) A registered office which may be, but need not be, the same as its place of business; and (2) A registered agent or agents, which agent or agents may be an individual or individuals resident in this State whose business office is identical with such registered office. . . (b) The Secretary of State shall maintain current records, alphabetically arranged by corporate name, of the address of each corporation's registered office, and of the name and address of each corporation's registered agent or agents."

§ 22-404 reads in part: "(a) *Venue in proceedings against a corporation shall be determined in accordance with the pertinent constitutional and statutory provisions of this State now or hereafter in effect.* (b) For the purpose of determining venue each domestic corporation and each foreign corporation authorized to transact business in this State shall be deemed to reside in the county where its registered office is maintained. If any such corporation fails to maintain a registered office it shall be deemed to reside in the county in this State where its last named registered office or principal office, as shown by the records of the Secretary of State, was maintained. *The residence established by this paragraph shall be in addition to, and not in limitation of, any other residence that any domestic or foreign corporation may have by reason of other law.* . . (d) Whenever this Code either requires or permits an action or proceeding against a corporation to be brought in the county where the registered office of the corporation is maintained, *if the action or proceeding is against a corporation having a principal office as required under the prior general corporation law, such action or proceeding may be brought in the county where such principal office is located.*" (Emphasis supplied.)

§ 22-402 reads in part: "(a) A corporation may *change* its registered office or *change* its registered agent or agents, or both, by executing and filing in the office of the Secretary of State a statement setting forth: (1) The name of the corporation. (2) *The address of its then registered office.* (3) *If the address of its registered office is to be changed, the new address of the registered office.* (4) *The*

*name or names of its then registered agent or agents. (5) If its registered agent or agents are to be changed, the name or names of its successor registered agent or agents. (6) That the address of its registered office and the address of the business office of its resident agent or agents, as changed, will be identical.* (b) If the Secretary of State finds that such statement conforms to the provisions of subsection (a), he shall file such statement in his office, and upon such filing the change of address of the registered office, or the change of the registered agent or agents, or both, as the case may be, shall become effective. (c) *A corporation may also change its registered office or change its registered agent or agents,* or both, *by indicating any such change* on the annual report filed with the Secretary of State pursuant to Section 22-1501. *Any such change so indicated shall become effective upon the filing of said annual report."* (Emphasis supplied.)

§ 22-403 reads in part: "(a) Each registered agent so appointed by a corporation shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served in the manner provided by law for the service of a summons and complaint. . . (d) *Nothing herein contained shall limit or affect the right to serve any process, notice or demand required or permitted by law to be served on a corporation in any other manner now or hereafter permitted by law."* (Emphasis supplied.)

(a) It is apparent that the registration statement of May 13, 1974, as to an agent and office in Gwinnett County, Georgia, is not one changing the prior registration of an office and agent in Fulton County, Georgia, as it does not comply with the requirements of Code § 22-402 for a change of its registered agent or office, as the prior registration of the office and agent to be changed is nowhere indicated. While under subparagraph (c) of that Section a corporation may also change its registered office or registered agent or agents by *indicating any such change* on the annual report filed with the secretary of state pursuant to § 22-1501, this is no aid to the appellee as *no change is indicated* on this registration statement which was filed with its annual report. There is nothing in the new Code relating to

business corporations which prohibits the corporation from having as many registered offices and agents as it might see fit. There is no evidence a change was otherwise made. See Code § 22-402 (d) (e). So far as the evidence in the present case discloses, the registered office and agent in Fulton County, Georgia is still in legal existence and venue there still exists. That venue exists in Gwinnett County, does not ipso facto exclude venue in Fulton County. See *Tuggle v. Enterprise Lumber Co.,* 123 Ga. 480 (51 SE 433); *Central Ga. Power Co. v. Parnell,* 11 Ga. App. 779 (76 SE 157); *Padrick v. Kiser Co.,* 33 Ga. App. 15 (124 SE 901).

(b) However, even if we should assume that a change in the registered office and agent has been accomplished there is no proof, whatsoever, in the record, or even an indication that the corporate defendant does not have a principal office and place of business in Fulton County as indicated in its charter. One claiming lack of venue (as alleged in the complaint) carries a burden of proving such lack of venue upon a motion to dismiss the complaint on that ground and the defendant here has failed to carry that burden; and the trial court erred in holding otherwise.

2. No attack here was made on the *sufficiency of the return* of service and no traverse of a return is now required. "Failure to make proof of service shall not affect the validity of the service." Section 4 (g) of the Civil Practice Act (Ga. L. 1966, pp. 609, 610, as amended: Code Ann. § 81A-104 (g)). There is no contention here that proper service was not effected upon the registered agent in Fulton County, (but only that he was not a registered agent) and no such claim having been made in the court below, this matter is considered as waived, and no decision is made thereon.

*Judgment reversed. Quillian and Clark, JJ., concur.*

Submitted February 4, 1975 — Decided March 14, 1975.

*J. E. Wilson,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Charles E. Walker, George H. Connell, Jr.,* for appellee.