## SPRINKLE DISTILLING COMPANY v. SOUTHERN EXPRESS COMPANY.

The proceeding by mandamus is a civil action, and, when brought against an express company, a domestic corporation, to compel it to receive goods for transportation over its line, must be instituted in the county of the company's domicile, that is, where its principal place of doing business is located.

                       NOVEMBER 13, 1913.

Petition for mandamus. Before Judge Gilbert. Muscogee superior court. July 10, 1913.

*T. T. Miller,* for plaintiff.

*R. C. & P. H. Alston* and *F. U. Garrard,* for defendant.

FISH, C. J. The sole question necessary for decision in this case is, whether the superior court of the county of Muscogee has jurisdiction to compel, by mandamus, the Southern Express Com-

pany, a domestic corporation, with its principal office or place of doing business in the county of Richmond, but having a place of business and an agent in the county of Muscogee, to receive, for shipment and transportation over its lines, goods offered to it at its place of business in the county of Muscogee. The constitution of this State, article 6, section 16, after declaring the venue for divorce cases, cases respecting titles to land, equity cases, suits against joint obligors, etc., and suits against the maker and indorser of promissory notes, etc., declares in paragraph 6 (Civil Code § 6543) that: "All other civil cases shall be tried in the county where the defendant resides." This constitutional provision applies to corporations as well as to individuals. The residence of a domestic corporation is where its principal office or place of business is situated. *McCall* v. *Central Ry. Co.,* 120 *Ga.* 602 (48 S. E. 157). Unless the right to sue elsewhere is specially given by statute, suits against an express company of this State must be brought in the county of its principal place of business. *Central Ry. Co.* v. *State,* 104 *Ga.* 835 (31 S. E. 531, 42 L. R. A. 518). As to the venue of suits against express companies, Civil Code § 2385 declares: "The court sitting in the county where goods are received for shipment, or where goods are to be delivered, shall have jurisdiction over all express companies which now do or may hereafter do business in this State, and the judgment shall bind all the property of said companies." Section 2386 declares: "Any express companies may be effectually sued [served?] in any proceeding against them (in all cases where their chief officer does not reside in this State), by leaving the petition, writ, subpœna, attachment, or other original process necessary to commence the same, at any of the offices of such company doing business in this State, or by serving the same upon any agent of said company within this State; and the judgment or decree obtained in cases so commenced shall bind the property of the defendant as fully as though service had been effected on the president or other chief officer." Neither of these sections authorizes suits of any and all description to be brought in a county where an express company has an agent and place of business, though not the county where its principal place of doing business is located. On the contrary, the language of § 2385, to the effect that "the judgment shall bind all the property of said companies," clearly indicates that the cases provided for therein

are those where damages, or at least judgments for money, are sought. The present case does not concern goods received for shipment in Muscogee county. The action was brought to require the defendant to receive them. Nor did it have any reference to goods to be delivered in that county. It follows, therefore, that these code provisions do not apply to this case. Nor does the general law (Civil Code, § 2259) as to the venue of suits against corporations for the recovery of damages for torts, wrongs or injuries, apply to the case in hand, for the obvious reason that it is not an action of that character.

The proceeding by mandamus is a civil action, and, when brought against an express company, a domestic corporation, to compel it to receive goods for transportation over its line, must be instituted in the county of the company's domicile, that is, where its principal place of doing business is located.

*Judgment affirmed. All the Justices concur.*