## ELLIS *v.* SOUTHERN EXPRESS CO.; *et vice versa.*

I. Section 2261 of the Civil Code (1910), providing for service by publication, is sufficiently complied with where citation. is published in a newspaper in the county where suit is brought, once a week for three weeks prior to the court to which the complaint is made returnable, though not during the week immediately preceding the term to which the case is returnable.

2. Assuming, because this was a suit against an express company, that the corporation referred to in the second question is an express company, that question is answered in the affirmative; that is, a domestic corporation with its principal office fixed by its charter in Richmond County, Georgia, can be sued in Bibb County, Georgia, though at the time of the suit it had no office, agent, or agency in Bibb County and was not transacting business there.

3. An adjudication of the second question by the Court of Appeals in a former suit between the same parties and based upon the same cause of action as in the present case would be res adjudicata as to that question.

No. 3714.    FEBRUARY 20, 1924.

The Court of Appeals (in Cases Nos. 14191 and 14229) transmitted the following questions, a determination of which, it is certified, is necessary to a decision of the case:

1. Is section 2261 of the Civil Code of 1910, providing for service by publication, sufficiently complied with where citation is published in a newspaper in the county where suit is brought, once a

week for three weeks prior to the court to which the complaint is made returnable, but not during the week immediately preceding the term to which the case is returnable?

2. If the preceding question is answered in the affirmative, then an answer is requested to the following question: Can a domestic corporation with its principal office fixed by its charter in Richmond County, Georgia, be sued in Bibb County, Georgia, when at the time of the suit it had no office, agent, or agency in Bibb County, and was not transacting business there?

3. If the immediately preceding question be answered in the affirmative, then an answer is requested to the following question: Would an adjudication of the immediately preceding question by this court in a former suit between the same parties and based upon the same cause of action as the present case (27 *Ga. App.* 738, 110 S. E. 43) be res adjudicata as to that question?

4. If the immediately preceding question be answered in the negative, then an answer to the following question is requested: In view of the decision of this court in the former suit between the same parties (27 *Ga. App.* 738), affirming the judgment of the trial court in directing a verdict sustaining the defendant's traverse to the return of the sheriff alleging want of service, and in directing a verdict sustaining plaintiff's plea in abatement, was the payment of the costs in the former suit or the filing of a pauper's affidavit a condition precedent to the bringing of a second suit between the same parties upon the same cause of action?

*B. J. Fowler,* for plaintiff.

*Jones, Park & Johnston,* for defendant.

BECK, P. J.   1.   We are of the opinion that the first question should be answered in the affirmative.   Section 2261 of the Civil Code of 1910, providing for service by publication, is sufficiently complied with where citation in cases where service upon corporations is to be perfected by publication is published in a newspaper in a county where suit is brought once a week for three weeks prior to the court to which the complaint is made returnable, though not during the week immediately preceding the term to which the case is returnable.   In the case of *Proudfit* v. *Oliver,* 150 *Ga.* 707 (105 S. E. 241), it was ruled: "Where in a security deed it was stipulated that a power of sale of the land conveyed could be exercised after advertising 'once a week for four weeks prior to said date of

sale,' and advertisement of sale to be made on October 10 appeared in a newspaper issued on September 9, 16, 23, and 30, but no advertisement was published during the following week (that next preceding the date of sale), such advertisement did not conform to the power given in the deed, and the sale on October 10 did not divest the title of the grantor." And at first blush this ruling seems contrary to the answer above given to the question propounded by the Court of Appeals. But the ruling made in *Proudfit* v. *Oliver,* supra, relates to advertisements of the sale of land under a power of sale contained in a security deed. It is probable that the owner of the land and those interested in the sale would look to the paper in which such advertisements appeared the week immediately following, to see if the intention of the donee of the power to exercise the same is to be persisted in and carried out; whereas no such reasoning will apply to one affected by a citation to appear at the term of the court to which the suit against him is returnable. The citation, having been published the prescribed number of times and for the prescribed length of time before the term to which the complaint was returnable, was sufficient.

2. Assuming, because this is a suit against an express company, that the corporation referred to in the second question is an express company, that question is answered in the affirmative; that is, a domestic corporation with its principal office fixed by its charter in Richmond County, Georgia, can be sued in Bibb County, Georgia, though at the time of the suit it had no office, agent, or agency in Bibb County and was not transacting business there. The conclusion announced follows necessarily from the plain provisions. of section 2385 of the Civil Code. That section reads as follows: "The court sitting in the county where goods are received for shipment, or where goods are to be delivered, shall have jurisdiction over all express companies which now do or may hereafter do business in this State, and the judgment shall bind all the property of said companies." In the case of *Sprinkle Distilling Co.* v. *Southern Express Co.,* 141 *Ga.* 21 (80 S. E. 288), it was said: "The proceeding by mandamus is a civil action, and, when brought against an express company, a domestic corporation, to compel it to receive goods for transportation over its line, must be instituted in the county of the company's domicile, that is, where its principal place of doing business is located." But that ruling related to man-

damus proceedings, and the language of the decision following the distinct ruling set forth above indicates that the court was of the opinion that if the suit had been one for damages, the ruling as to the jurisdiction of the court would have been different; for it was said in the opinion in that case: "The language of § 2385, to the effect that 'the judgment shall bind all the property of said companies,' clearly indicates that the cases provided for therein are those where damages, or at least judgments for money, are sought. The present case does not concern goods received for shipment in Muscogee county. The action was brought to require the defendant to receive them. Nor did it have any reference to goods to be delivered in that county. It follows, therefore, that these code provisions do not apply to this case." It seems to us that the statute has made provision for the case indicated by the question.

3. The ruling made in headnote 3 requires no elaboration; the statute itself compels the answer. Park's Ann. Code, § 4335, and annotations.                    *All the Justices concur.*