27551. DRAKE v. CHESSER et al.
27552. LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 438 v. DRAKE et al.

Argued November 13, 1972 — Decided January 22, 1973—Rehearing denied February 9, 1973.

*Guy B. Scott, Jr.,* for appellant.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellees.

Grice, Presiding Justice. At issue here is whether the Act of 1959 (Ga. L. 1959, pp. 44, 45; Code Ann. § 3-120), which fixes the venue for actions against unincorporated associations, is unconstitutional because it conflicts with Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4906), providing for venue in civil cases; and also whether a union was "doing business" in Clarke County by the terms of that Act.

The case arose as an action for damages brought by George Drake in the State Court of Clarke County on February 8, 1971, against the Laborers International Union of North America, Local No. 438 and Ruth W. Chesser, as executrix of the estate of Julian D. Chesser.

The complaint alleged, insofar as necessary to recite here, the following facts: that on September 30, 1970, the plaintiff Drake was riding as a guest passenger in an automobile driven by the deceased, Julian D. Chesser, a business representative of the defendant union; that Chesser negligently failed to stop at a stop sign at an intersection on U. S. Highway 29, driving at a high rate of speed into another car and striking it with extreme force and violence; that this collision was the cause of death of Chesser and the driver of the other car and seriously injured the plaintiff Drake; and that he is entitled to a specified amount of monetary damages.

Jurisdiction for the action was alleged to be pursuant

to Code Ann. §§ 3-118, 3-119, 3-120 and 3-121 (Ga. L. 1959, pp. 44, 45) because Chesser was the business representative of the defendant union, which was located at a given address in Athens, Georgia; that Chesser did business in Clarke County as agent for the union; and also because the union, located at a stated address in Atlanta, Georgia, did business in Clarke County.

Special pleas to the jurisdiction were filed by both defendants.

Following the taking of depositions, a motion for summary judgment as to Chesser's executrix was granted. She was dismissed as a party defendant because the action against the estate was filed before the expiration of one year from the date of her qualification, contrary to Code § 113-1526.

The court overruled the union's motion to dismiss for lack of jurisdiction, finding that there were issues of fact for a jury on this question. The case then proceeded to trial on this issue before a jury on June 19, 1972, whereupon the union filed another motion to dismiss alleging the venue statute (Code Ann. § 3-120) to be repealed and unconstitutional. This motion was also overruled.

After evidence was presented both sides made motions for directed verdict. The court granted the union's motion and overruled that of the plaintiff Drake, who thereupon filed his notice of appeal to the Court of Appeals.

Following certification for immediate review of the order overruling the union's motion to dismiss challenging the venue statute, it filed a notice of cross appeal. The case was then transferred to this court by the Court of Appeals because of the constitutional issue in the cross appeal.

■ We first treat the cross appeal, in which the constitutionality of Georgia Laws 1959, pp. 44, 45 (Code Ann. § 3-120) is attacked.

The union's motion to dismiss involved here was based

upon three grounds. However, only one which raises a constitutional issue has been argued before this court, and therefore the other grounds are deemed to have been abandoned.

This motion to dismiss urges in substance that Section 4 of the Act providing for actions by or against unincorporated organizations or associations (Ga. L. 1959, pp. 44, 45; Code Ann. § 3-120), which recites in essential part that "Such action may be maintained in any county where such organization or association does business or has in existence a branch or local organization," is unconstitutional. It is insisted that this section is contrary to the Georgia Constitution (Art. VI, Sec. XIV, Par. VI; Code Ann. § 2-4906), which declares that except for certain enumerated actions not involved here, "All other civil cases shall be tried in the county where the defendant resides," because said Act does not provide for suit against an unincorporated association or organization in the county where such organization resides, but purports to authorize suit in any county where such organization does business or has an office, contrary to the constitutional provision.

The union contends that since *corporations* are artificial persons created by law, the state, as creator, may by statute define more than one corporate "residence" for purposes of suit; but that an *association* of *natural persons* is not an artificial creature of the law and therefore does not owe its existence to an Act of the General Assembly within which venue may be defined. Instead, it is argued that the common law principle of venue as to corporations, in the absence of special statutes, should be applied so that venue is in the county where the principal office or place of business is situated. See *Sprinkle Distilling Co. v. Southern Express Co.,* 141 Ga. 21, 22 (80 SE 288).

In our view, however, this argument is not valid.

In an early case this court declared that the General

Assembly has the power to define the residence of natural persons as well as artificial persons. *Davis v. Central R. & Bkg. Co.,* 17 Ga. 323, 335. Since then, a long line of decisions has upheld the constitutionality of statutes fixing venue for actions against railroads, public utilities and corporations. See, e. g., *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 310 (127 SE2d 454) and cases cited.

In our view, this rule is equally applicable to unincorporated associations. "While the case of *Davis v. Railroad Co.,* 17 Ga. 323, is not directly in point, we think the principle at the foundation of that decision is controlling on this question. It was there held that the Act of the General Assembly which permitted railroad companies to be sued in counties other than the county in which the principal office of the company was located was constitutional and valid, *the ground upon which the decision was based being that the General Assembly had a right to declare what was the residence of all persons both natural and artificial. . .* The constitutional provision simply prescribes that the suits must be brought in the county of the defendant's residence, and the whole subject of domicile and residence of persons both natural and artificial is left to be determined by the General Assembly." *Gilbert v. Georgia R. & Bkg. Co.,* 104 Ga. 412, 416 (30 SE 673). (Emphasis supplied.)

Section 2 of the Act of 1959, pp. 44, 45 (Code Ann. § 3-118) provides that "Actions or suits may be maintained against and in the name of any unincorporated organization or association for any cause of action for or upon which the plaintiff therein may maintain such an action against the members of such organization or association."

Clearly, the purpose of the Act in question here is to avoid having to locate a *group of individuals* in order to file suit in the county where each resides, and to fix a venue in order to bring an action against the *association* as a whole. Therefore, nothing held herein should be

interpreted to be in conflict with the principles enunciated in *Youmans v. Hickman,* 179 Ga. 684 (177 SE 238), as to the unconstitutionality of statutes fixing venue for actions against individual defendants in counties other than those where they legally reside.

We therefore hold that Georgia Laws 1959, pp. 44, 45 (Code Ann. § 3-120) is not unconstitutional for the reasons urged. It follows that the trial court did not err in overruling this motion to dismiss.

■ In the main appeal, the plaintiff Drake complains of the grant of a directed verdict on behalf of the union, based upon improper venue and lack of jurisdiction.

As ruled in Division 1 above, under the Act (Code Ann. § 3-120) the union can be sued in any county where it "does business or has in existence a branch or local organization."

The evidence here showed that on the date of the accident, September 30, 1970, the union did have a branch or local office in Clarke County, but that it was closed about thirty days later. Since it was undisputed that at the time of filing the instant suit the union maintained an office only in Fulton County, the question is reduced to whether the union was "doing business" in Clarke County as contemplated by the terms of the Act.

The record discloses that the action was brought against the union on February 8, 1971. With respect to the months of February and March, 1971, Harry Parham, an employee of the union, testified as follows: that he lived in Madison County but worked out of the union's Atlanta office; that one construction job in Clarke County employing approximately 12 union members was "winding down"; that this one construction job was under his "jurisdiction"; that he went to Clarke County and the construction site one day each week; that the construction project in Clarke County was a "union job"; that the construction project was a "check-off job," meaning that the contractor-employer withheld union dues from the employed members of the union and

forwarded such dues to the union at its Atlanta office; and that as the job in Clarke County wound down the union would transfer its members to another job in the Atlanta area.

On the basis of the foregoing evidence, it was error for the trial court to conclude as a matter of law that the union was not "doing business" in Clarke County during the months of February and March, 1971, and that it was therefore not subject to suit in Clarke County when the suit was filed.

If follows that the trial court erred in directing a verdict in favor of the union on this ground.

*Judgment affirmed on cross appeal; reversed on main appeal. All the Justices concur.*