S06A0341. DEVITO v. DEVITO.
(628 SE2d 108)

HUNSTEIN, Presiding Justice.

Appellant Christa Devito and appellee Anthony Devito divorced in Taylor County in 1997. Appellant was awarded sole legal custody of the couple's child with appellee receiving visitation rights. Appellant and the child moved to Louisiana in 2002. Appellee still resides in Taylor County. In 2004 he filed both a motion to modify the divorce decree's visitation and custody provisions[1] and a motion to hold appellant in contempt for failing to comply with the decree's visitation provisions. It is uncontroverted that no other court has entered any ruling addressing the child custody provisions since the original 1997 determination was made. The trial court authorized service on appellant pursuant to OCGA § 9-10-91, the Georgia Long Arm Statute. In response, appellant filed a motion to dismiss for lack of personal and subject matter jurisdiction challenging the constitutionality of OCGA § 19-9-62 (a) of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), OCGA § 19-9-40 et seq. She argued before the trial court that this UCCJEA provision violated Art. VI, Sec. II, Par. VI of the Georgia Constitution of 1983, which provides that venue is in the county where the defendant resides in "[a]ll other civil cases" not otherwise addressed by the Constitution.

---

[1] Appellee also sought modification of a tax provision in the divorce decree to conform to a subsequent agreement of the parties.

The trial court found it lacked personal jurisdiction over appellant insofar as appellee's contempt proceeding was concerned but held as to the modification action that it had subject matter jurisdiction as the court that made the initial child custody determination; that personal jurisdiction over appellant was not necessary, OCGA § 19-9-61 (c); and that OCGA § 19-9-62 does not violate Art. VI, Sec. II, Par. VI.[2] This Court granted appellant's interlocutory application in order to address the trial court's ruling on the venue issue.

1. We affirm the trial court's ruling upholding OCGA § 19-9-62 (a). Art. VI, Sec. II, Par. VI requires that civil cases not addressed by other constitutional provisions "shall be tried in the county where the defendant resides." By its plain language, this provision has no application to out-of-state defendants for the obvious reason that they do not reside in any county in this State. Accordingly, we find no merit in appellant's argument that OCGA § 19-9-62 (a) improperly varies our constitutional venue provisions or that the Legislature violated Art. VI, Sec. II, Par. VI by choosing to place venue for child custody modification actions under the UCCJEA in the court that made the initial child custody determination. See generally *Drake v. Chesser*, 230 Ga. 148, 152 (1) (196 SE2d 137) (1973) (Art. VI, Sec. II, Par. VI simply prescribes that suits must be brought in county of defendant's residence; the residence of persons is left to be determined by the General Assembly).

2. We find no merit in appellant's argument that the trial court lacked jurisdiction under the UCCJEA to modify the 1997 child custody determination because it was made before the UCCJEA was enacted in 2001. See Ga. L. 2001, p. 128, § 1 et seq. Unlike the Connecticut case on which she relies, the UCCJEA in Georgia requires only that the initial child custody determination be entered "*consistent with*" OCGA § 19-9-61 or § 19-9-63. (Emphasis supplied.) OCGA § 19-9-62 (a). Compare *Graham v. Graham*, 2002 Conn. Super. LEXIS 288 (no. FA9265185) (statutory language requires initial child custody determination be made "pursuant to" that state's equivalent of OCGA §§ 19-9-61 and 19-9-63). The record in this case is devoid of any evidence to support appellant's bald assertion that the initial determination was not consistent with the provisions of the UCCJEA. Nor does OCGA § 19-9-102 help appellant because that provision applies only to motions and requests made before the UCCJEA was enacted. See *Ruth v. Ruth*, 83 P3d 1248 (I) (B) (1) (Kan. App. 2004).

---

[2] Although a Georgia court that retains continuing, exclusive jurisdiction may determine that this State has become an inconvenient forum for further custody considerations, OCGA § 19-9-67, no ruling was made by the trial court in this regard.

3. The trial court correctly concluded that it has subject matter jurisdiction over appellee's modification action pursuant to OCGA § 19-9-62 and that personal jurisdiction over appellant was not necessary in order for it to address the requested modification of its child custody determination. OCGA § 19-9-61 (c). To the extent the UCCJEA is applicable, it supercedes our case law rendered prior to its enactment. See, e.g., *Danziger v. Shoob*, 203 Ga. 623 (48 SE2d 92) (1948) (holding that in the absence of statutory authorization, courts are precluded from exercising continuing jurisdiction over child custody issues).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 27, 2006.

*David & McPhail, Robert S. McPhail*, for appellant.
*Stacy C. Bondurant*, for appellee.