4168.    GENERAL REDUCTION COMPANY *v.* THARPE.

The word "office," as used in the Civil Code (1910), § 2259, is synonymous
. with "place of business."    An action upon a .contract with a mining
corporation, which was made or was to be performed in a county where
the corporation maintained a plant, together with a superintendent who
was in control of its business and a large force of laborers, and a place
for the transaction of such business as was necessary to the operation
of the plant, may be brought in the county where the plant is located,
notwithstanding the principal office of the corporation was by its
charter located in another county, where its board of directors met and
its financial operations were carried on.
   · DECIDED JULY 2, 1912.    REHEARING DENIED JULY 23, 1912.

Complaint; from city court of Jeffersonville—Judge Shannon. March 14, 1912.

POTTLE, J.    An action was brought in the city court of Jeffersonville to recover for certain services alleged to have been performed by the plaintiff in hauling wood and fertilizer, and services of a like nature, and for the breach of a contract alleged to have been made by the defendant with the plaintiff to remove a certain quantity of clay at an agreed price per ton, and also for the value of a certain number of bushels of corn, which the plaintiff alleged the defendant, over the objection of the plaintiff, had removed from the land which the plaintiff had cultivated and appropriated to his own use.    The defendant filed a plea to the jurisdiction, alleging that the city court of Atlanta and the superior court of Fulton county were the only courts which had jurisdiction of the action. The case was tried upon this special plea, and a verdict directed against the plea.

The defendant is a mining corporation, engaged in the business of mining clay in Twiggs county, Georgia.    It operates under a charter granted by the superior court of Fulton county, which fixes its principal office or place of business in the county of. Fulton, and confers upon the corporation the power to open branch offices within and without the State.    The defendant maintains and operates a plant for the mining of clay in Twiggs county.    A super-

intendent resides at the plant and is in charge of its operations.
There is a room at the plant for the use of the superintendent,
with a table and a chair in it, and he does his writing in that
room. He employs and pays off the laborers, and makes out a
pay-roll of the daily wages and sends it to the president of the
company, or draws a draft on him, and in this way obtains the
money to pay the hands. He does not keep any books, but keeps
only a daily report, which he sends to the president of the com-
pany. He keeps a record of the clay that is shipped out and to
whom it is shipped, a record of the coal that is shipped to the plant,
and also a record of any other goods bought for the plant. He
makes reports of these matters as often as they are called for.
All contracts for the sale of clay are made in Atlanta and remit-
tances for such sales are sent there. All of the financial part of
the company's business is carried on in Atlanta. The duties of
the superintendent are generally to employ and discharge laborers,
and overlook and supervise the operation of the business at the
mine. There is no desk or safe in the room where the superin-
tendent transacts his business. The superintendent does not re-
main in any particular place all of the time, but moves around and
about the plant, superintending its operations.

The question for decision is whether, under this state of facts,
the verdict was properly directed against the plea to the jurisdic-
tion. The correct determination of this question depends upon the
construction of the act of October 16, 1885, entitled, "An act to
define where corporations, mining, or joint-stock companies may
be sued, and to define how service of the suit may be effected."
Acts 1884-5, p. 99. This statute is embodied in the Civil Code
(1910), § 2259, and is in the following language: "Any corpora-
tion, mining, or joint-stock company, chartered by authority of
this State, may be sued on contracts in that county in which the
contract sought to be enforced was made or is to be performed,
if it has an office and transacts business there. Suits for dam-
ages, because of torts, wrong or injury done, may be brought in
the county where the cause of action originated. Service of such
suits may be effected by leaving a copy of the writ with the agent
of the defendant, or if there be no agent in the county, then at
the agency or place of business." ,Under the constitution of this
State a defendant can be sued only in the county in which it re-

sides. Generally a domestic corporation resides where its principal office or place of business is located by its charter. But it is well settled that a corporation may have as many superadded statutory residences for special purposes, such as for purposes of suit, as the legislature may see fit to prescribe. *Watson* v. *Richmond & D. R. Co.,* 91 *Ga.* 222 (18 S. E. 306). See, also, *Etowah Milling Co.* v. *Crenshaw,* 116 *Ga.* 406 (42 S. E. 709). Under the statutes of this State all actions ex contractu against a corporation must be brought in the county where its principal office is located, unless the contract was made or was to be performed in a county where the corporation has an office and transacts business; in which event the suit may be brought either in the county where the principal office is located, or in the county where the contract was made or was to be performed. *Tuggle* v. *Enterprise Lumber Co.,* 123 *Ga.* 480 (51 S. E. 433).

We think it is clear that the evidence in the present record demanded a finding that the defendant had an office in Twiggs county and transacted business there, within the meaning of the Civil Code, § 2259. The word "office" has been defined as a "place where business is transacted." English's Law Dictionary, 584. Webster defines it to be "the place where a particular kind of business or service for others is transacted." See, also, Words & Phrases, vol. 6, p. 4920. The contention of the plaintiff in error, that when the principal office of a corporation is by its charter located in a given county, the suit must be brought there, can not be sustained, in view of the provisions of § 2259 of the Civil Code. The suit may be brought in the county where the principal office is located, but it may also be brought in any other county where the defendant has an office and transacts business, upon any contract made or to be performed in the latter county. The word "office" is synonymous with the words "place of business," and the evident intention of the General Assembly was that whenever a contract was made with a corporation, or was to be performed, in any county where the corporation was transacting its business, suit to enforce the contract might be brought in that county.

In the present case it appears, that the only plant which the defendant has is located in Twiggs county; that all of its mining operations are conducted there; that it maintains at this plant a superintendent and a large force of laborers, all under the control

and management of the superintendent, and that the superintendent transacts for the corporation all of the business incident to the operation of its plant. Fulton county may be the location of the office of the company, that is to say, the principal office of the company, where its directors meet and where its financial operations are conducted, but it certainly can not be said that the corporation has not *an* office and *a* place of business in Twiggs county, where its mining operations are carried on. The mere fact that the corporation does not maintain an office in Twiggs county with a desk and an iron safe and other articles usually found in an office of that character is immaterial. Indeed, we are not prepared to say that it would be necessary to have even a room in a house occupied by an agent of the corporation. If a corporation has a place where its business is being carried on, and has an agent in charge of it, performing such acts as are necessary in carrying on its business, it has an office and a place of business within the meaning of the statute.

There is nothing in the decision in *Dade Coal Co.* v. *Haslett,* 83 *Ga.* 549 (10 S. E. 435), in conflict with the views herein expressed. In that case it appeared that the principal office of the corporation was not fixed by its charter, nor was the company located in any particular county of the State. It selected Fulton county and located its principal place of business there for the purpose of electing its officers and conducting its financial operations. An action was brought against the corporation in the city court of Atlanta, to recover damages alleged to have been inflicted upon the plaintiff. The defendant set up, in a special plea to the jurisdiction, that all of its operations were located in Dade county and all of its books relating to the shipment of the products of this company were kept in that county, in the office located therein; that all of its mining operations were carried on in Dade county, and that it maintained an office in Atlanta for the purpose of electing its officers and for the purpose of conducting its financial operations. The effect of the decision of the Supreme Court was that the city court of Atlanta had jurisdiction of the action. The court did not hold that the proper court in Dade county would not also have jurisdiction. The corporation in that case really occupied the same position, under this decision of the Supreme Court, as if its charter had located its principal office in the county of Fulton.

22

The suit might have been brought in Fulton county or in Dade county. And so we hold, in this case, that while the suit might have been brought against the defendant in Fulton county, it was likewise maintainable in Twiggs county. The purpose of the act of 1885 was not to curtail, but to enlarge the venue of suits against domestic corporations. There was no error in directing a verdict against the plea to the jurisdiction. *Judgment affirmed.*