## CENTRAL GEORGIA POWER COMPANY v. NOLEN.

1. There was no error in overruling the demurrer to the petition.
2. Where suit was brought against an electric-light and power company to recover damages to the health of the plaintiff, alleged to have been caused by a nuisance created by the dam and reservoir of the defendant, and where it appeared that a number of suits had been brought by other plaintiffs against the same defendant, some of them in the county where the first-mentioned suit was brought, and some of them in other counties, seeking to recover from the defendant on account of damages alleged to have been caused by the dam and reservoir of the defendant, this did not disqualify all of the relatives of the plaintiffs in such other cases, within the fourth (or other) degree, from sitting as jurors in the first-mentioned case.
3. The evidence was sufficient to authorize the jury to find that the person on whom the service of the petition and process was perfected was an agent of the defendant company, within the meaning of the Civil Code (1910), § 2258, rather than a mere servant.
4. While the charge may not have been beyond the range of criticism in some respects, yet when considered as a whole, especially in the absence of any written request, none of the parts of it complained of constituted reversible error for the reasons assigned. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

JULY 14, 1915.  REHEARING DENIED AUGUST 14, 1915.

Action for damages.  Before Judge Daniel.  Butts superior court.  July 11, 1914.

*Halcher & Smith, Greene F. Johnson,* and *W. E. Watkins,* for plaintiff in error.   *C. L. Redman,* contra.

LUMPKIN, J.   1.   The act of 1897 (Civil Code of 1910, § 5240) declares that corporations or individuals owning or controlling any water-power in this State, and operating or constructing or preparing to construct thereon a plant or works for generating electricity by water, to be used for the purpose of lighting towns or cities, or supplying motive power to railroads or street-car lines, or supplying light, heat, or power to the public, shall have the right to purchase, lease, or condemn rights of way or other easements upon the lands of others, in order to run lines of wires, maintain dams, "flow-back water," or for other uses necessary to such purposes, upon first paying just compensation to the owners of the land to be affected.   By the act of 1908 (Civil Code of 1910, § 3634) it is declared: "It shall be lawful for all corporations and individuals owning or controlling lands upon opposite sides of any stream in this State, which is not a navigable stream as defined by section 3631, to construct and maintain a dam or dams across such stream for the development of water-power and other purposes, together with canals and appurtenances thereof: Provided, that this section shall not be construed to release individuals or corporations constructing such dam or dams and appurtenant works from liability to private property for damages resulting from the construction and operation thereof, either by overflow or otherwise."

It will be noted that the latter section deals generally with the right of an owner of land on both sides of a non-navigable stream to construct and maintain a dam or dams across such stream "for the development of water-power and other purposes." It is not confined to companies or persons furnishing heat, light, or power to the public. We need not discuss how far this altered the rights of riparian owners as they already existed; but it may be said that it was hardly intended to declare broadly that any owner of land might build a dam and be free from all damages resulting therefrom, if it created a nuisance injurious to health. It has been held that, where public or quasi-public corporations exercise legitimately and in a proper manner the powers expressly or by necessary implication conferred on them by law, such exercise can not be held to be a nuisance per se; but by the negligent or improper exercise

of such powers the company might create a nuisance, and furnish a cause of action. We deem it unnecessary to consider our constitutional provision to the effect that private property shall not be taken or damaged for public purposes, without just and adequate compensation being first paid. Civil Code (1910), § 6388. The injury here complained of is to health, not property. It will not be presumed that the legislature intended to authorize a corporation or an individual negligently to create a nuisance tending to destroy the lives or injure the health of others without remedy for damages resulting therefrom, unless it should clearly so appear. The right of a company to build a dam does not include a right to build or maintain it in such negligent or improper manner as to cause a nuisance injurious to the health of the adjacent community. For damages arising from such things an action will lie. In determining whether the authority has been properly exercised, the location and surroundings may be considered. In this State damages recoverable on account of a nuisance are not limited to injury to realty; but injury to health may furnish a basis for such recovery. The remark made in *Central Georgia Power Co.* v. *Ham,* 139 *Ga.* 569, 573 (77 S. E. 396), that it would seem that this proviso (referring to that in the Civil Code of 1910, § 3634) is exclusive in confining the liability for the construction of dams to damages to private property and in limiting the remedy to actions for the recovery of such damages, was an obiter dictum. The point there was whether the dam of the public-service corporation could be summarily abated as a nuisance by application to the ordinary. The case of *Austin* v. *Augusta Terminal Railway Co.,* 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755), involved different facts from those now before us; and it may be mentioned that two Justices there dissented. When the decision in *Georgia Railroad & Banking Co.* v. *Maddox,* 116 *Ga.* 64 (42 S. E. 315), is carefully read in connection with the facts there involved, it does not conflict with what is here said. See, in this connection, *Central Georgia Power Co.* v. *Stubbs,* 141 *Ga.* 172 (80 S. E. 636), *Central Georgia Power Co.* v. *Pope,* Id. 186 (80 S. E. 642), and *Central Georgia Power Co.* v. *Fincher,* Id. 191 (80 S. E. 645), in some of which cases the right to recover physician's bills was tacitly recognized, rather than ruled; *Towaliga Falls Power Co.* v. *Sims,* 6 *Ga. App.* 749 (65 S. E. 844). There was no error in overruling the demurrer to the petition.

2. A motion was made to test the competency of jurors. It was alleged that a number of suits had been brought by different plaintiffs, other than the plaintiff in the present case, against the same defendant, in Butts and other counties, to recover damages alleged to have been caused in certain years by the creation of a nuisance by the defendant by means of its dam and reservoir; and that this was one of the earliest cases brought. It was contended that the relatives of such plaintiffs within the fourth degree were disqualified from acting as jurors in the present case. (Why the fourth degree was selected is not stated.) The court held that a person who had a pending suit against the company, based upon the same cause of action, would be disqualified, but that the facts stated did not disqualify relatives of plaintiffs in the other suits. In this latter ruling he decided correctly. Relatives of parties to a case within the prohibited degree are disqualified to sit as jurors therein. But the mere fact that the principles decided in one case may in some collateral way be beneficial to a party in another case, or that evidence similar to that in the first case might be introduced in the later case (each being based on the creation or maintenance of a nuisance), does not disqualify the kindred of the plaintiff in the later case from sitting as jurors in the first case.

3. A traverse to the return of service was made, and the issue was submitted at the same time with the main case. The contention was that the person served was not an agent of the company, but a mere subordinate employee or servant. A written contract between the company and such person was introduced, in which there seems to have been a careful effort to call him an "employee." But he was to operate the power-plant under the immediate control of the chief engineer, with whom he was to communicate by telephone as to all matters of discretion involving the operation of the plant. He was to forward to the engineer daily log sheets or "trouble reports," and perform other services which need not be set out. He was to receive from the company $100 per month. There was also evidence as to the services performed by this person. Under the evidence, the jury were authorized to find that the person in question was an agent within the meaning of the Civil Code (1910), § 2258, rather than a mere servant. The calling him by the name "employee" in the contract did not preclude the jury from finding that in fact he was an agent. On this point the case

falls within the decision in *Southern Bell etc. Co.* v. *Parker,* 119 *Ga.* 721 (47 S. E. 194), rather than within that in *Smith* v. *Southern Ry. Co.,* 132 *Ga.* 57 (63 S. E. 801). In the latter case the person in question was a clerk in the office of a station-agent of the company.

4. Some of the grounds of alleged error were expressly abandoned by counsel for the plaintiff in error in their brief, and need not be discussed. The charge was not beyond the range of criticism in some respects. But when considered as a whole, especially in the absence of any written request, none of the parts of it complained of constitute reversible error for the reasons assigned. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur.*