## 50523. REDI DEVELOPMENT COMPANY v. CRABBE PAVERS, INC.

QUILLIAN, Judge.

Crabbe Pavers, Inc., a Cobb County corporation, brought suit in Cobb County State Court against the Redi Development Company, a DeKalb County corporation, on a contract claiming a balance due on the basis of quantum meruit. Defendant moved to dismiss pursuant to CPA § 12 (b) (Code Ann. § 81A-112 (b); Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693), alleging it did not engage in a regular course of business in Cobb County and its registered agent for service of process was in DeKalb County and not subject to the jurisdiction of the Cobb County court. The motion was denied. Defendant appeals. *Held:*

The principal place of business of a domestic corporation, as fixed by its charter, is its legal residence and the only place it can be sued in the absence of special *statutory provisions. Ace Waterproofing Co. v. Tremco Mfg. Co.,* 116 Ga. App. 226 (156 SE2d 398). Georgia Business Corporation Code § 22-5301 (Code Ann. § 22-5301; Ga. L. 1968, pp. 565, 820) formerly Code § 22-1102, provides, in pertinent part, that "Any corporation chartered by authority of this State may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, *if it has an office and transacts business there.*" (Emphasis supplied.) At the hearing on the motion to dismiss for lack of jurisdiction, both parties stipulated that the contract was made and performed in Cobb County and that defendant "had a superintendent to supervise and direct the development of the subdivision in Cobb County." The

trial court relied upon *General Reduction Co. v. Tharpe*, 11 Ga. App. 334 (75 SE 339) in denying defendant's motion. We find *Tharpe* distinguishable from the instant case, for there the corporation "maintained a plant, together with a superintendent . . . a large force of laborers, and a place for the transaction of such business as was necessary to the operation of the plant." In the case before us, only a superintendent of the defendant corporation was located in Cobb County. The fact that the defendant corporation had an agent in Cobb County is insufficient to confer jurisdiction. *Padrick v. Kiser Co.*, 33 Ga. App. 15 (124 SE 901); see also *Swift & Co. v. Lawson*, 95 Ga. App. 35, 43 (97 SE2d 168).

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED APRIL 8, 1975 — DECIDED APRIL 28, 1975.

*Gerstein, Carter & Chesnut, James C. Watkins,* for appellant.

*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellee.