## 53014. ATLANTA DAIRIES COOPERATIVE v. SCOTT et al.

WEBB, Judge.

Scott and other milk producers filed suit in Putnam County against Atlanta Dairies, a corporation with its principal office in Fulton County, for the redemption of preferred stock issued by the corporation, seeking to recover alternatively for breach of contract, waiver of original terms, money had and received and fraud. Jurisdiction and venue were alleged to be in Putnam County because the agreements were entered into there. Service was made on the defendant by the sheriff "by handing the same in person to Paul Singleton, as agent of said corporation." Atlanta Dairies filed a motion to dismiss and to quash entry of service supported by affidavits of its officers asserting improper venue and that the individual served was not an agent of the corporation. The trial court denied the motion and entered an order finding proper venue and service. Atlanta Dairies' application for immediate review was granted by this court and notice of appeal from that order filed.

The record shows that Atlanta Dairies is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business and its registered agent in Fulton County; that it is not engaged in the retail sale of dairy products in Putnam County; that Paul Singleton was employed by Atlanta Dairies as a truck dispatcher at the time he was served in Putnam County; that Atlanta Dairies maintains an old filling station for Singleton's post equipped with a desk and telephone listed in its name in the Eatonton directory; that the dispatcher post is the only installation owned or maintained by Atlanta Dairies in Putnam County and its purpose is to coordinate bulk milk pick-ups from stockholder members there; that Singleton's official title is "Field Serviceman" and all his work is supervised by the Field Service Supervisor from Fulton County; that Singleton's primary responsibility is trouble-shooting the tank truck operation of Atlanta Dairies in the Eatonton-Putnam County area, mainly with the hauling operation, equipment breakdown and repair, and

scheduling drivers; that Singleton has no authority to enter into any type of contractual relationship or make any commitments on behalf of Atlanta Dairies; that he cannot hire or fire personnel except under specific direction of his Field Service Supervisor; and that he has no responsibility for dealing with the general public, his sole duties being concerned with the pick-up of milk from the farms of Atlanta Dairies' stockholder members.

Generally, the constitutional venue of civil lawsuits in Georgia is the county where the defendant resides, be it individual or corporate. Code § 2-4906; *Sprinkle Distilling Co. v. Southern Express Co.,* 141 Ga. 21 (80 SE 288) (1913). Code Ann. § 22-404 provides that for purposes of venue domestic corporations (or foreign corporations authorized to transact business in Georgia) shall be deemed to reside in the county where their registered offices are maintained. " 'The principal place of business of a corporation as fixed by its charter is its legal residence and the only place it can be sued in the absence of the application of special statutory provisions.' " *Ace Waterproofing Co. v. Tremco Mfg. Co.,* 116 Ga. App. 226 (156 SE2d 398) (1967) and cits. Where the action is founded on contract, Code Ann. § 22-404 (c) provides that suit may also be brought in the county where the contract was made or is to be performed if the defendant corporation has an office *and* transacts business there; *and* if service can be perfected (Code Ann. § 22-5301). See generally, Kaplan's Nadler Ga. Corp. Law, § 3-39 (1971).

It is undisputed that Atlanta Dairies is a Fulton County resident and subject to suit only in Fulton County absent application of the above statutory provisions. Appellees argue that the intention of the legislature in adopting these provisions was to broaden the venue of corporations to diminish the possibility that an action will be dismissed for lack of proper venue. Even so, and assuming for the purpose of this appeal that the contracts involved here were made or to be enforced in Putnam County, we conclude that under the Georgia case law Atlanta Dairies neither has an office nor transacts business in Putnam County, and that service on Paul Singleton as its agent was insufficient.

1. "First, it is to be observed that the Supreme Court has held that the terms 'agency' and 'place of business' have the same meaning, and are synonymous. *Tuggle v. Enterprise Lbr. Co.,* 123 Ga. 480, 481 (51 SE 433). Likewise, 'office' and 'place of business' are held to be synonymous. *General Reduction Co. v. Tharpe,* 11 Ga. App. 334 (75 SE 339) . . . The phrase 'place of business' is to be given the usual, ordinary meaning attached to the words. Generally, it means a place where the public, having business to transact with the owner, is impliedly or expressly invited to come for that purpose. *Roberts v. State,* 4 Ga. App. 207 (4) (60 SE 1082). It is a place where business is conducted. *Jenkins v. State,* 4 Ga. App. 859 (1) (62 SE 574). It is a place where a plant, together with a superintendent and a force of laborers is located; a place for the transaction of such business as was necessary for the operation of the plant. *General Reduction Co. v. Tharpe,* 11 Ga. App. 334, supra." *Radcliffe v. Boyd Motor Lines,* 129 Ga. App. 725, 728-29 (2(c)) (201 SE2d 4) (1973). Even where a corporation has an agent in the county it is not subject to suit "unless it has an office and transacted business there." *Padrick v. Kiser Co.,* 33 Ga. App. 15, 18 (124 SE 901) (1924); *Redi Development Co. v. Crabbe Pavers,* 134 Ga. App. 659 (215 SE2d 714) (1975).

Atlanta Dairies has no office or place of business from which it deals with the general public, operates a plant or makes retail sales in Putnam County within the contemplation of these definitions. The only installation maintained there is the dispatcher's office, and he deals solely with the truck drivers in directing their daily schedules, changing tires and making minor repairs on the trucks.

2. In regard to the insufficiency of service upon Paul Singleton, the rule is well-established that "the person served must be an agent of the company as distinguished from a mere subordinate employee or servant." *Georgia R. &c. Co. v. Head,* 150 Ga. 177, 181 (103 SE 158) (1920). "[S]ervice of process on merely an apparent agent is not sufficient. It must be made on an actual agent." *Burkhalter v. Ford Motor Co.,* 29 Ga. App. 592, 603 (116 SE 333) (1922)." 'It is generally held that the word "agent" as used in such statutes, applies only to such agents as

have some sort of controlling authority, and not to every person employed or intrusted with a commission by the corporation.' 19 Enc. Pl. & Pr. 665, quoted approvingly in *Southern Bell Tel. &c. Co. v. Parker,* 119 Ga. 721, supra, and in *Smith v. Southern R. Co.,* 132 Ga. 57, 63 (63 SE 801), where it was held that one employed in the office of the station agent of a railroad 'as his chief clerk, doing the routine work of the office, cannot be said to be an agent within the meaning of the statute referred to.' 'The representative of a corporation, such as will meet the requirements of law governing service upon it by serving him personally, as distinguished from service by leaving a copy of the process at the place of transacting its usual and ordinary public business, must be an officer of the corporation or 'any agent who has some sort of control or authority over some department or sphere of the corporation's business,' but not 'a mere employee or servant.' " *Dowe v. Debus Mfg. Co.,* 49 Ga. App. 412, 413 (17 SE 676).

"At times and in some contexts we have tended to equate servant with agent, but the relationships are very different. At common law, and in all of the jurisdictions of this country (except in instances where changed by statute) the difference in concept is fundamental and substantial. Generally the servant performs work or labor for the master, sometimes skilled and sometimes not, while the agent, within the ambit of his authority, represents his principal in some business dealing. He is vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual relations with him. Perhaps it is an oversimplification but it has been generally said that agency relates to business transactions, while the work of a servant relates to manual service. The agent may, at times serve both as servant and agent, doing labor and exercising a given authority, but the servant rarely does. See generally, 2 Mechem, Outlines of Agency (3rd Ed.); 17 Huffcutt, Agency (2d Ed.); Wharton, Agency, §§ 19, 20. The agent performs 'juristic' acts, while those performed by a servant are 'nonjuristic.' Ferson, Principals of Agency, p. 23, § 18." *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 638 (3(b)) (182 SE2d 153) (1971).

See also *Orkin Exterminating Co. v. Thornton,* 111 Ga. App. 636 (142 SE2d 422) (1965).

It is clear from these authorities that Singleton was not a person upon whom service could be made that would bind Atlanta Dairies. Fulton County is the proper venue of this action, and the trial court erred in denying the motion to dismiss and to quash service.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 2, 1976 — DECIDED DECEMBER 2, 1976 —
REHEARING DENIED DECEMBER 16, 1976 —

*Webb, Parker, Young & Ferguson, David E. Betts, Paul Webb, Jr.,* for appellant.

*George D. Lawrence, Jr., Tisinger, Tisinger & Vance, Tommy Greer,* for appellees.