## 32087. SCOTT et al. v. ATLANTA DAIRIES COOPERATIVE.

HILL, Justice.

Certiorari was granted in this case to review the Court of Appeals' interpretation of the venue provision of Code Ann. § 22-404 (c) and to determine if service of process on Paul Singleton constitutes valid service on the defendant.

Atlanta Dairies Cooperative is a Georgia corporation with its principal place of business and its registered agent in Fulton County. Scott and other milk producers filed suit in four counts in Putnam County against Atlanta Dairies for damages for breach of contract and fraud and for money had and received. Service of process was made on Atlanta Dairies by serving Paul Singleton in Putnam County as agent of Atlanta Dairies.

Atlanta Dairies moved to dismiss for lack of venue and to quash the entry of service on the bases that Atlanta Dairies is not subject to suit in Putnam County and that Paul Singleton is not an agent of Atlanta Dairies such as to give the Putnam Superior Court jurisdiction over Atlanta Dairies. The trial court overruled the motions but certified the order for immediate review. On appeal, the Court of Appeals reversed, holding that Atlanta Dairies neither has an office nor transacts business in Putnam County and that service on Paul Singleton is not valid service on Atlanta Dairies. *Atlanta Dairies Coop. v. Scott,* 140 Ga. App. 820 (232 SE2d 130) (1976).

1. Generally venue of civil cases in Georgia lies in the county where the defendant resides. Code Ann. §§ 2-4303, 2-4306 (Constitution of 1976). Code Ann. § 22-404 (b) states that "For the purpose of determining venue each domestic corporation . . . shall be deemed to reside in the

county where its registered office is maintained." In addition, a domestic corporation "may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business in that county." Code Ann. § 22-404(c). Ga. L. 1976, p. 1576, conformed a similar provision as to torts, wrongs or injuries. Code Ann. § 22-404 (d). Each of four counts of the complaint is within the scope of these provisions.

It is undisputed that Atlanta Dairies' registered office is in Fulton County and that it would be subject to suit in Fulton County. Here, however, the plaintiffs sued Atlanta Dairies in Putnam County under the authority of provision (c) of Code Ann. § 22-404. Atlanta Dairies does not contend that this is not a contract case nor that the contract was not made or is not to be performed in Putnam County. They do argue, and the Court of Appeals agreed, that Atlanta Dairies does not have an office and does not transact business in Putnam County within the meaning of Code Ann. § 22-404 (c).

According to the affidavits submitted to the court, Atlanta Dairies rents an old filling station in Putnam County which is equipped with a desk, a telephone and a few truck repair tools. The telephone is listed under Atlanta Dairies in both the white and yellow pages of the Eatonton telephone directory. Paul Singleton works at that location scheduling the pickup of milk in Putnam County by ten truck drivers employed by Atlanta Dairies and handles equipment breakdowns. Atlanta Dairies owns six bulk tank trucks which are operated by the ten drivers. These trucks are parked in a lot adjacent to the filling station each evening and are picked up there each morning by the drivers who receive their schedules for the day from Singleton. If Atlanta Dairies does not have an office and transact business in Putnam County, then its truck drivers could not sue for unpaid wages there and people injured by its trucks could not sue for damages there.

The Court of Appeals equated the word "office" in Code Ann. § 22-404 (c) with (i) a place of business for dealing with the public, (ii) a manufacturing or industrial plant, or (iii) a retail sales outlet. We find that

construction to be too narrow and restrictive. An "office" as that term is used in subsections (c) and (d) of Code Ann. § 22-404 is synonymous with "place of business." See *General Reduction Co. v. Tharpe,* 11 Ga. App. 334 (75 SE 339) (1912). Atlanta Dairies would have us define "place of business" as "public place of business," a "place where the public, having business with the owner, is impliedly or expressly invited. . ." See *Roberts v. State,* 4 Ga. App. 207 (4) (60 SE 1082) (1908). *Roberts v. State,* supra, was a criminal case concerned with the definition of "place of business" as used in a prohibition Act making it a crime to keep on hand at a place of business any intoxicating liquors. For purposes of the prohibition statute it was logical to define "place of business" as including an invitation to and contact with the public. It does not necessarily follow, however, that for purpose of corporate venue, in contract as well as tort cases, business with the public is required.

Webster's Third New International Dictionary defines "office" as "a place where a particular kind of business is transacted or a service is supplied." An office (place of business) may be operated to perform services for or transact a particular kind of business for the corporation without being open to the public. Atlanta Dairies rents and equips a building in Putnam County and lists it in the telephone directory. At this place Atlanta Dairies maintains its trucks and from this place it dispatches its employees to pick up milk. Atlanta Dairies has an office and transacts business in Putnam County so as to enable it to be sued upon contracts made in that county or to be performed there.

2. The Civil Practice Act provides for service of process on a domestic corporation by serving "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." Code Ann. § 81A-104 (d) (1). The question here is whether service on Paul Singleton constituted service on Atlanta Dairies, or said another way, whether Paul Singleton was an agent of Atlanta Dairies within the meaning of Code Ann. § 81A-104 (d) (1).

Singleton operates Atlanta Dairies' office in Putnam County. He is charged with scheduling the pickup of milk

from Putnam County producers by the ten Atlanta Dairies truck drivers. He also troubleshoots for Atlanta Dairies in Putnam County and deals with equipment breakdowns. Affidavits by some of the producers say that they regard him as "the man" for Atlanta Dairies in Putnam County, that they contact him in order to relay information to or get it from the Atlanta office, that it is Singleton who tells them the milk is too watery, etc., to be accepted, and that it is Singleton who tells them when pickup will resume.

According to Atlanta Dairies, Singleton merely relays information. He has no discretionary authority with regard to such matters. The Atlanta office tests the milk and determines whether or not milk will be picked up and Singleton merely relays this message. He has no authority to enter into contracts of any kind.

"It is not essential that an agent should be an officer in charge of the company's office and business. . . But the person served must be an agent of the company as distinguished from a mere subordinate employee or servant." *Georgia R. &c. Co. v. Head,* 150 Ga. 177, 181 (103 SE 158) (1920). Since the object of service of process is to transmit notice of suit to the corporation, it must be made on an agent whose position is such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him. See *Louisville & N. R. Co. v. Meredith,* 194 Ga. 106, 112 (21 SE2d 101) (1942). Although Singleton is not an officer nor one authorized to make contracts on behalf of Atlanta Dairies, he is not a mere clerk, laborer, mechanic or servant. He is in charge of the Putnam office, supervising ten other employees. One of his duties is to relay communications from his employer. He can be expected to notify his employer that he has been served with process. Under these facts the trial judge was authorized to find that service on Singleton was valid service on Atlanta Dairies. *Central Ga. Power Co. v. Nolen,* 143 Ga. 776 (85 SE 945) (1915). The trial court did not err in overruling Atlanta Dairies' motions to dismiss and quash the entry of service.

*Judgment of the Court of Appeals reversed. All the Justices concur, except Hall, J., who dissents.*

ARGUED MAY 9, 1977 — DECIDED SEPTEMBER 6, 1977 —
REHEARING DENIED SEPTEMBER 28, 1977.

*Tisinger, Tisinger & Vance, Thomas E. Greer,* for appellants.

*Webb, Parker, Young & Ferguson, David E. Betts,* for appellee.

ON MOTION FOR REHEARING.

By motion for rehearing Atlanta Dairies asserts that this was an action in equity and that as such it could only be brought in the county of residence of the defendant against whom substantial relief was prayed. Code Ann. § 2-4303.

Our review of the complaint shows that it was a suit at law. Without examining each of the four counts, suffice it to say that Atlanta Dairies did not urge equity in the trial court in its motion to dismiss and did not assert that this was a suit in equity when it appealed to the Court of Appeals.

HALL, Justice, dissenting.

Three Justices voted not to grant the application for certiorari. (Undercofler, P. J., Jordan and Hall, JJ.). I dissent for the reasons stated in my dissenting opinion in *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451-455 (224 SE2d 25) (1976). In my opinion, this is not a case involving gravity and importance under Rule 36 (j), Rules of the Supreme Court of the State of Georgia, effective December 1, 1975.