TIMOTHY MELLIERE, Plaintiff-Appellee, v. LUHR BROS., INC., Defendant-Appellant.

Fifth District    No. 5—98—0152

Opinion filed January 14, 1999.—Rehearing denied February 16, 1999.

James W. Herron and Christopher C. Swenson, both of Lewis, Rice & Fingersh, L.C., of St. Louis, Missouri, for appellant.

Jon E. Rosenstengel, of Bonifield & Rosenstengel, P.C., of Belleville, and M. Keith Smith, of Law Offices of M. Keith Smith, of Mt. Vernon, for appellee.

JUSTICE MAAG delivered the opinion of the court:

On November 4, 1997, the plaintiff, Timothy Melliere, filed suit under the Jones Act (46 U.S.C.A. § 688 *et seq.* (West Supp. 1997)), alleging that he suffered injuries while performing his duties as a deckhand for the defendant, his employer, Luhr Bros., Inc. (Luhr Bros.). The incident occurred on January 1, 1995, while the plaintiff was working on a project on the Ohio River, near Paducah, Kentucky. The complaint alleged that the plaintiff suffered extensive injuries which required medical treatment and which resulted in disability. Luhr Bros. filed an answer denying the allegations and also filed a motion to transfer for lack of venue, claiming that the incident did not occur in St. Clair County and that it was not a resident of St. Clair County. An attached affidavit asserted that Luhr Bros. is headquartered in Monroe County, Illinois, and the motion sought a transfer to that county. After an evidentiary hearing, the circuit court denied Luhr Bros.' motion to transfer, finding that venue was proper because Luhr Bros. maintains an office and does business in St. Clair County, Illinois. Luhr Bros. filed its petition for leave to appeal pursuant to Supreme Court Rule 306(a)(4) (166 Ill. 2d R. 306(a)(4)). We granted leave to appeal. The sole issue raised by Luhr Bros. is a claim that the circuit court erred in denying its motion to transfer venue. We affirm.

The relevant facts are as follows. Luhr Bros. is engaged in construction projects, such as embankment work, channel maintenance, and other river projects, on the navigable waters of the United

States. It also engages in heavy construction projects and highway work on land. Luhr Bros. is an Illinois corporation that has its corporate headquarters in Monroe County, Illinois.

Luhr Bros. leases a hangar at the St. Louis Downtown Parks Airport in Cahokia, St. Clair County, Illinois. A large sign directory at the Parks Airport indicates that Luhr Bros. occupies hangar 6. An airplane, registered to Luhr Bros., is housed in the hangar. It has been housed there since 1985. This airplane is used to transport company employees to jobsites, to bid jobs, and to travel to industry meetings and conventions. Luhr Bros. employs two full-time pilots, who regularly report to work at the hangar. The two pilots log approximately 400 flight hours per year in transporting employees of Luhr Bros. The hangar is equipped with a telephone and a desk for use by the pilots. The telephone directory contains a listing for Luhr Bros. at the airport hangar.

■ The Illinois venue statute requires actions to be commenced in the county of residence of any defendant who is joined in good faith or in the county in which the transaction or some part thereof occurred out of which the cause of action arose. 735 ILCS 5/2—101 (West 1996). This statute reflects a legislative determination that a party should not be required to defend an action in a county that has little or no relation to the party or the transaction that is the subject of the suit. *Bucklew v. G.D. Searle & Co.*, 138 Ill. 2d 282, 288-89, 562 N.E.2d 186, 189 (1990). In this case, neither party contends that the cause of action arose in St. Clair County, Illinois. Therefore, the sole question on appeal is whether Luhr Bros. is a resident of St. Clair County, Illinois.

■ For purposes of venue, there are three distinct ways that the residency of a corporation can be established. A corporation is a resident of any county in which it has its "registered office" or "other office" or is "doing business." 735 ILCS 5/2—102 (West 1996). With regard to *registered office*, the legislature has directed that each domestic and each foreign corporation having a certificate of authority in this state shall have and maintain a registered office and a registered agent for the purpose of service of process on the corporation. 805 ILCS 5/5.05, 5.25 (West 1996). The legislature has clearly concluded that because the corporation itself selects the location of its registered office, it is reasonable to require the corporation to defend a lawsuit in the county where the registered office and the agent are located.

■ The phrase *doing business* has been construed in numerous reported decisions. These cases usually involve a situation where the corporation does not have a fixed presence in the county by way of a registered office or other place of business. In order for a corporation to be doing business of a character sufficient to satisfy the venue stat-

ute, the corporation must be conducting its usual and customary business within the county in which the action is commenced, at the time the action is commenced. *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d 279, 507 N.E.2d 838 (1987); *Stambaugh v. International Harvester Co.*, 102 Ill. 2d 250, 464 N.E.2d 1011 (1984); *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 328, 368 N.E.2d 88 (1977). The activity must be of such a nature as to localize the business and make it an operation within the district. *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 328, 368 N.E.2d 88 (1977).

The circuit court held that venue was proper in St. Clair County because it found both that Luhr Bros. was doing business in St. Clair County and that the airport facility qualified as an *other office* under the venue statute. We will only address the *other office* provision of the venue statute. Whether the maintenance of the airport facility also constitutes doing business is an issue we need not decide.

Neither the plaintiff nor the defendant has cited any case that construes the phrase *other office* as used in our venue statute. Similarly, our research has failed to discover any Illinois cases construing this phrase. In arguments before the circuit court and this court, the plaintiff argued that the defendant's facilities at the Parks Airport in Cahokia, St. Clair County, Illinois, qualify as an *other office* under the venue statute. Luhr Bros. has disputed this position. Luhr Bros. concedes that it maintains an airplane and a hangar at the St. Louis Downtown Parks Airport in St. Clair County, Illinois, but adamantly denies that this is an office.

Luhr Bros. contends that the phrase *other office* should be defined as a place for the regular transaction of business or performance of a particular service. Luhr Bros. argues that the airplane hangar does not fall within that definition because no Luhr Bros. employee responsible for the transaction of its regular business reports to work at the hangar. Luhr Bros. argues that its employee-pilots do not work on or bid construction projects and are only responsible for flying employees to and from jobsites. It states that it is not engaged in the business of commercial aviation and was not performing this particular service for profit. Luhr Bros. concludes that the hangar was not a place for the transaction of its business and that therefore venue in St. Clair County is improper.

In the absence of a statutory definition indicating a different legislative intent, words used in a statute are to be given their ordinary and commonly understood meanings. *Bowes v. City of Chicago*, 3 Ill. 2d 175, 205, 120 N.E.2d 15, 29 (1954). The dictionary can be used as a resource to determine the ordinary and commonly accepted meaning of words. Luhr Bros. cites Black's Law Dictionary, which defines *office*

as "a place for the regular transaction of business or performance of a particular service." Black's Law Dictionary 977 (5th ed. 1979). An *office* has also been defined as "a place in which business, clerical, or professional activities are conducted." American Heritage Dictionary 863 (2d ed. 1985).

Luhr Bros. urges us to equate the word *office* with a place of business from which it prepares bids and fields inquiries about its business and from which its employees are dispatched to perform their jobs in construction. Based upon that definition, Luhr Bros. contends that the airplane hangar is not an *office* under the commonly understood meaning of that term. We find that this interpretation of the word *office* is too narrow and restrictive.

In *Scott v. Atlanta Dairies Cooperative*, 239 Ga. 721, 238 S.E.2d 340 (1977), the Georgia Supreme Court addressed the issue of what constitutes an *office* under a provision of the Georgia venue statute. That statute is very similar to the Illinois provision. The court first outlined the applicable state constitutional and statutory provisions as follows:

> "Generally[,] venue of civil cases in Georgia lies in the county where the defendant resides. Code Ann. §§ 2—4303, 2—4306 (Constitution of 1976). Code Ann. § 22—404(b) states that 'For the purpose of determining venue each domestic corporation ... shall be deemed to reside in the county where its registered office is maintained.' In addition, a domestic corporation 'may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business in that county.' Code Ann. § 22—404(c). Georgia Laws 1976, p. 1576, conformed in a similar provision as to torts, wrongs[,] or injuries. Code Ann. § 22—404(d)." *Atlanta Dairies Cooperative*, 239 Ga. at 721-22, 238 S.E.2d at 342.

The facts in the *Atlanta Dairies Cooperative* case were uncomplicated. The defendant rented an old filling station in Putnam County, which was equipped with a desk, a telephone, and a few tire tools for repairs. The defendant had a listing in the telephone directory, maintained trucks at the location, and from there dispatched its employees to pick up milk. 239 Ga. at 722, 238 S.E.2d at 342. Applying the statutory language to these facts, the court held:

> "The Court of Appeals equated the word 'office' in Code Ann. § 22—404(c) with (i) a place of business for dealing with the public, (ii) a manufacturing or industrial plant, or (iii) a retail sales outlet. We find that construction to be too narrow and restrictive. An 'office' as that term is used in subsections (c) and (d) of Code Ann. § 22—404 is synonymous with 'place of business.' See *General Reduction Co. v. Tharpe*, 11 Ga. App. 334, 75 S.E. 339 (1912).

Atlanta Dairies would have us define 'place of business' as 'public place of business', a 'place where the public, having business with the owner, is impliedly or expressly invited ...' See *Roberts v. State*, 4 Ga. App. 207(4), 60 S.E. 1082 (1908). *Roberts v. State*, supra, was a criminal case concerned with the definition of 'place of business' as used in a prohibition Act making it a crime to keep on hand at a place of business any intoxicating liquors. For purposes of the prohibition statute it was logical to define 'place of business' as including an invitation to and contact with the public. It does not necessarily follow, however, that for [the] purpose of corporate venue, in contract as well as tort cases, business with the public is required.

Webster's Third New International Dictionary defines 'office' as 'a place where a particular kind of business is transacted or a service is supplied.' An office (place of business) may be operated to perform services for or transact a particular kind of business for the corporation without being open to the public. Atlanta Dairies rents and equips a building in Putnam County and lists it in the telephone directory. At this place Atlanta Dairies maintains its trucks and from this place it dispatches its employees to pick up milk. Atlanta Dairies has an office and transacts business in Putnam County so as to enable it to be sued upon contracts made in that county or to be performed there." *Atlanta Dairies Cooperative*, 239 Ga. at 723, 238 S.E.2d at 342.

■ Similarly, in this case, Luhr Bros. leased a hangar in St. Clair County, Illinois. It housed an airplane at that facility. The airplane is registered to Luhr Bros. Luhr Bros. employs two full-time pilots who report to work at the hangar each day. The employee-pilots use the plane to transport employees to construction jobsites and to various locations to conduct bid-lettings. They also transport Luhr Bros. employees to industry meetings and conventions. The pilots log approximately 400 hours a year on the plane. The hangar is equipped with a telephone and a desk. The telephone is listed in the business directory portion of the Ameritech telephone directories for 1996 and 1997 under the name Luhr Bros., Inc., and cites to a street address in Cahokia, Illinois. Cahokia, Illinois, is located in St. Clair County, Illinois. A large directory listed the Luhr Bros., Inc., facility at the Parks Airport location.

An integral part of the business of Luhr Bros. is preparing and making bids. Without making successful bid proposals, Luhr Bros. would have no construction projects to work and no income. Further, Luhr Bros. occasionally flies some of its employees to jobsites from the Cahokia facility. The hangar provides a transportation facility for Luhr Bros.' corporate employees.

We believe that the rationale of the *Atlanta Dairies Cooperative*

case is sound. We therefore hold that the phrase *other office* as used in our venue statute means a fixed place of business at which the affairs of the corporation are conducted in furtherance of a corporate activity. This *other office* may be, but need not be, a traditional office in which clerical activities are conducted. Rather, we believe that the phrase *other office* includes any fixed location purposely selected to carry on an activity in furtherance of the corporation's business activities. The facility may be open to the public or may be a strictly private corporate operation.

It is inescapable that Luhr Bros. maintains an office in St. Clair County, Illinois, given the facts and our construction of the phrase *other office*. The trial court correctly found that the defendant, Luhr Bros., Inc., is a resident of St. Clair County because it has an office in St. Clair County, Illinois.

Accordingly, the order of the circuit court is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

RARICK, P.J., and KUEHN, J., concur.