SIXTH DIVISION

August 29, 2003

Nos. 1-02-0940 & 1-02-1351:Cons.

In
 
re
 APPLICATION OF THE COUNTY ) Appeal from the

TREASURER OF COOK COUNTY, ILLINOIS, ) Circuit Court

FOR JUDGMENT AND ORDER OF SALE AGAINST ) of Cook County.

LANDS AND LOTS UPON WHICH ALL OR )

A PART OF THE GENERAL TAXES FOR TWO OR )

MORE YEARS ARE DELINQUENT, PURSUANT TO )

TO THE PROPERTY TAX CODE )

)

(Andres Scholnik, Petitioner). )

)

In
 
re
  APPLICATION OF THE COUNTY )

TREASURER OF COOK COUNTY, ILLINOIS, )

FOR JUDGMENT AND ORDER OF SALE AGAINST )

LANDS AND LOTS UPON WHICH ALL OR ) 

A PART OF THE GENERAL TAXES FOR TWO OR )

MORE YEARS ARE DELINQUENT, PURSUANT TO )

THE PROPERTY TAX CODE ) Honorable

) Marsha D. Hayes,

(Capital Tax Corporation, Petitioner). ) Judge Presiding.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

This appeal arises from orders of the circuit court: (1) directing the county clerk to issue the petitioner, Andres Scholnik, a tax deed to certain property located in the Town of Cicero; and (2) declaring that Scholnik does not have to reimburse the Town of Cicero for the costs of demolishing a building partially located on that property.  We reverse both orders and remand for further proceedings.

In 1996, Cicero filed a demolition suit against American National Bank, as trustee under trust number 9016, to demolish a building located on two adjoining tax parcels on Laramie Avenue.  One of these two parcels is the subject property of this case.  On January 9, 1998, the court ordered the demolition of the building.  On June 19, 1998, the court entered an order granting a judgment to Cicero against American National Bank and other unnamed defendants in the amount of $324,900.00 for its demolition expenses.  Cicero recorded the judgment as a lien against the subject property pursuant to section 12-101 of the Code of Civil Procedure.  735 ILCS 5/12-101 (West 1998).

On December 1, 1999, the Cook County treasurer offered the subject property for sale at the 1999 tax scavenger sale, since no real estate taxes had been paid on the property for the 10 years from 1988 to 1997.  Scholnik was the successful bidder at the sale, and on June 23, 2000, he filed a petition for issuance of a tax deed.  

On April 2, 2001, Scholnik filed a "motion for declaratory judgment" in the tax deed proceeding, seeking a declaration that he was not required to reimburse Cicero for its expenses in demolishing the building located partially on his subject property.  The motion also sought, as alternative relief, that Scholnik should only be required to pay the 
pro
 
rata
 share of the demolition expenses relating to the portion of the building located on the subject property.

On December 5, 2001, the court entered an order declaring that Scholnik was not required to reimburse Cicero for any of its costs of demolition.  On April 15, 2002, the court entered an order directing the county clerk to issue the tax deed conveying the subject property to Scholnik.  Cicero filed this timely appeal.

First, Cicero contends that the 1996 demolition suit operates as a 
res
 
judicata
 bar to Scholnik's 2001 declaratory judgment action.

The doctrine of 
res
 
judicata
 provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any later actions between the same parties or their privies on the same claim, demand, or cause of action.  
Saxon Mortgage, Inc. v. United Financial Mortgage Corp.
, 312 Ill. App. 3d 1098, 1104 (2000).   For 
res
 
judicata
 to apply, the following requirements must be met:  (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies.  
Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 335 (1996). 

To determine whether 
res
 
judicata
 applies, we must compare the 1996 and 2001 actions.  The record on appeal contains no complaint, answer, or transcripts from the 1996 demolition suit.  The record does contain a one-sentence, 
pro-se
 motion from Scholnik, filed December 12, 1997, in which he asks the court to "stay the demolition order on a portion of the property."  The record also contains an order staying the demolition until January 9, 1998, and another order on January 9, 1998, lifting the stay.  Finally, the record contains the June 19, 1998, order, granting a judgment to Cicero against American National Bank and other unidentified defendants in the amount of $324,900 for its demolition expenses; however, there is no language in the June 19, 1998, order identifying Scholnik as a defendant or otherwise imposing any requirement that Scholnik must reimburse Cicero for its demolition expenses prior to the issuance of a tax deed to the subject property.  Thus, on the record before us, it appears that the 1996 demolition action did not involve a final judgment on the issue raised in the 2001 declaratory judgment action, 
i.e.
, whether Scholnik must reimburse Cicero for its demolition expenses, and, as such, the 1996 and 2001 actions were not the same for 
res
 
judicata
 purposes.  Further, to the extent that the record on appeal is incomplete (in that it lacks pleadings and transcripts from the 1996 demolition action), any doubts arising from the incompleteness of the record are to be resolved against Cicero as the appellant. 
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92 (1984).

Next, Cicero argues that the trial court erred in declaring that Scholnik is not required under section 22-35 of the Property Tax Code (35 ILCS 200/22-35 (West 2002)) to reimburse Cicero for the costs of demolishing the building located partially on the subject property.   The resolution of this issue requires us to construe section 22-35. Because the construction of a statute is a question of law, our review is 
de
 
novo
. 
O'Loughlin v. Village of River Forest
, 338 Ill. App. 3d 189, 191 (2003).

The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature.  
Augustus v. Estate of Somers
, 278 Ill. App. 3d 90, 97 (1996). In determining legislative intent, a court should consider the statutory language first, giving the terms of the statute their ordinary meaning.  
MQ Construction Co. v. Intercargo Insurance Co.
, 318 Ill. App. 3d 673, 681 (2000).  A dictionary may be used as a resource to determine the ordinary and commonly accepted meaning of words.  
Melliere v. Luhr Bros., Inc.
, 302 Ill. App. 3d 794, 797 (1999)  Where the language of the statute is clear, it will be given effect without resort to other aids for construction. 
Augustus
, 278 Ill. App. 3d at 97.

Section 22-35 states in relevant part:

"An order for the issuance of a tax deed under this Code shall not be entered affecting the title to or interest in any property in which a city, village or incorporated town has an interest under the police and welfare power by advancements made from public funds, until the purchaser or assignee makes reimbursement to the city, village or incorporated town of the money so advanced or the city, village, or town waives its lien on the property for the money so advanced.  However, in lieu of reimbursement or waiver, the purchaser or his or her assignee may make application for and the court shall order that the tax purchase be set aside as a sale in error."  35 ILCS 200/22-35 (West 2002).  

Thus, the plain and unambiguous language of section 22-35 provides that a tax deed to property shall not be issued until the purchaser of the tax deed reimburses the town for any monies it expended on the property pursuant to its police and welfare power, unless the town waives its lien on the property for any money so expended.  Alternatively, in lieu of reimbursement or waiver, the purchaser of the tax deed may apply for a sale in error.  

Here, Cicero expended public funds pursuant to its police and welfare power in order to demolish a building partially located on the subject property and partially located on the adjoining tax parcel.  Cicero received a judgment in the amount of $324,900 for its demolition expenses for the entire building and recorded the judgment as a lien against the subject property.  Scholnik subsequently purchased the tax deed to the subject property and received a declaratory judgment that he was not required to reimburse Cicero for any of the public funds so expended to demolish the building. The court then issued the tax deed to Scholnik.

 The court erred in its entry of a declaratory judgment in favor of Scholnik and in its issuance of the tax deed.  Under section 22-35, the tax deed should not have been issued until Scholnik reimbursed Cicero for its expenditure of public funds on the subject property or until Cicero waived 
its lien thereto. 

To constitute a waiver, Cicero must intentionally relinquish its lien on the subject property.  (See the definition of the terms "waive" and "waiver" in the Webster's Third New International Dictionary 2570 (1993).)  There is no indication anywhere in the record that Cicero intentionally relinquished its lien on the subject property; accordingly, in the absence of a waiver of the lien, the tax deed may not issue until Scholnik reimburses Cicero for its expenditure of public funds in demolishing the portion of the building located on his subject property. 

Cicero contends that Scholnik must reimburse it for 
all
 of the public funds that it spent to demolish the entire building, including the portion of the building located on the tax parcel adjoining the subject property.  Scholnik contends that, at most, he must reimburse Cicero only for the 
pro
 
rata
 share of the demolition costs relating to the portion of the building located on the subject property.

Under section 22-35, the purchaser of a tax deed to property must reimburse the city for public funds expended on that same property; he is not required to reimburse the city for monies expended on other properties.  Thus, for the tax deed to issue in the present case, Scholnik is only required to reimburse Cicero for the 
pro
 
rata
 share of the demolition costs relating to the portion of the building located on the subject property.

Scholnik next argues that Cicero is not entitled to reimbursement of any of its demolition costs under section 22-35 of the Property Tax Code because Cicero failed to file a notice of lien under section 11-31-1 of the Illinois Municipal Code (65 ILCS 5/11-31-1 (West 2002)).  Scholnik's argument is unavailing. Section 11-31-1 provides that a city's lien for demolishing a building is superior to all prior existing liens, except taxes, if the city files a notice of lien in the recorder's office within 180 days of the demolition.  Cicero's failure to file a notice of lien under section 11-31-1 would be relevant if there was a dispute over priority of liens; here, though, no such dispute exists as there is no lien other than Cicero's.   Accordingly, Cicero's failure to file a notice of lien under section 11-31-1 is irrelevant to the present case.

Scholnik next cites two Rule 23 orders (
In re Application of the Cook County Treasurer
, No. 1-99-2157, 1-00-0598 cons. (March 8, 2001), and 
In re Application of the Cook County Treasurer
, No. 1-01-1350, 1-01-3283 cons. (September 18, 2002) (unpublished orders under Supreme Court Rule 23)), which allegedly hold that he is not required to reimburse Cicero for any of its demolition costs.  Scholnik argues that the two Rule 23 orders are a 
res
 
judicata
 bar to Cicero's claim for reimbursement.  See 166 Ill. 2d R. 23 (providing that Rule 23 orders may be cited to support contentions of 
res
 
judicata
.)

Scholnik's 
res
 
judicata
 argument fails, as the causes of action are not the same.  For 
res
 
judicata
 purposes, causes of action are the same if they arise from the same core of operative facts.  
River Park, Inc. v. City of Highland Park
, 184 Ill. 2d 290, 307-17 (1998).

The two Rule 23 orders involved different properties than the property at issue here.  Also, a review of these Rule 23 orders reveals that Cicero did not have a lien upon the property therein, whereas here Cicero recorded the $324,900  judgment as a lien against the subject property.  Accordingly, the two Rule 23 orders are not 
res
 
judicata
 here, as they do not arise from the same core of operative facts as the present case.

For the foregoing reasons, we reverse the orders granting declaratory judgment in favor of Scholnik and directing the county clerk to issue Scholnik a tax deed to the subject property, and remand for further proceedings.

Reversed and remanded.

GALLAGHER and O'MARA FROSSARD, JJ.'s concur.